64  341
79  505

64  341
82  557

# Benjamin J. Schiff, for use, etc., v. Supreme Lodge Order of Mutual Protection.

1. PRACTICE—*Suits for the Use of Another.*—Where a person brings a suit for the use of another, it is of no concern to the defendant for the use of what person the suit is brought. A party entitled to sue need name no usee, and if he does, the words used in so doing are surplusage.

2. ASSUMPSIT—*The Proper Form of Action Against Beneficiary Associations.*—Assumpsit will lie upon the breach of a promise whether the promise is to pay absolutely a sum of money or to do some other thing, and a promise by a beneficiary association to pay the amount of one assessment includes a promise to make the assessment.

3. BENEFICIARY ASSOCIATIONS—*Construction of Conditions in By-Laws.*—Conditions of a by-law providing that the claims of beneficiaries shall not be paid until passed upon favorably by a subordinate lodge, and for appeals from one tribunal to another, and that members of the order and their beneficiaries shall have no right to seek redress in the courts until after the appeals mentioned for redress shall have been exhausted by them, are always most strictly construed, and a strained interpretation will be resorted to if necessary to avoid them.

4. BILL OF EXCEPTIONS—*Certificate that it Contains all the Testimony.*—A certificate to a bill of exceptions, stating that it contains all the "testimony," is equivalent to saying that it contains all the evidence.

Assumpsit, on a beneficiary certificate. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the March term, 1896. Reversed and remanded. Opinion filed May 14, 1896.

BOOTH & BOOTH, attorneys for appellant.

The point was raised in the lower court, and may be here again, that the proper remedy was in chancery, and the case of Benefit Ass'n v. Sears, 114 Ill. 108, relied upon to sustain the position. The Supreme Court in that case, where the certificate of membership contemplated the levying of an assessment for each death, did not decide that assumpsit would not lie, but that chancery might be resorted to as affording a more adequate remedy.

We cite upon this point, if raised, Metropolitan Mutual Ac. Ass'n v. Windover, 137 Ill. 417; Ring v. U. S. L. & A. Ass'n, 33 Ill. App. 168.

While the rules and by-laws of a benefit association will be generally upheld by the courts if they are reasonable and just, yet it is a well recognized principle of law that even a strained construction will be resorted to in order to avert a forfeiture or loss. Bacon, Ben. Soc., Secs. 86 and 352; N. W. Trav. Men's Ass'n v. Schauss, 148 Ill. 305; Railway Conductors' Ben. Ass'n v. Robinson, 147 Ill. 138.

WALKER, JUDD & HAWLEY, attorneys for appellee, contended that when the contract requires a member or his beneficiary to submit his claims to a tribunal of the society, and in case of an adverse decision on it, to appeal to certain appellate tribunals, he has no right to bring an action on the claim in the courts of the land until he has exhausted his remedies in the courts of the society. Where the by-laws provide that the decision of a subordinate tribunal shall be final, unless reversed on appeal by the supreme council, a member who is dissatisfied with the decision of the lower tribunal must, before resorting to the courts of the land, appeal to the supreme council of the society. Where the by-laws of a society provide that the board of trustees shall examine all claims of members for sick benefits, and, if found correct, shall order the same to be paid, a member may not resort to a suit at law for such benefits, without giving the board an opportunity to examine his claim. Citing Poultney v. Bachman, 31 Hun (N. Y.) 49; Lafond v. Deens, 81 N. Y. 508; White v. Brownell, 2 Daly 329; Harrington v. W. B. Association, 70 Ga. 340; Chamberlain v. Lincoln, 129 Mass. 70; Reed v. Insurance Co., 38 Mass. 575; Ellison v. Bignold, 2 Jac. & W. 505; McAlees v. Supreme Sitting (Penn.), 13 Atl. Rep. 755; Mentz v. Insurance Co., 79 Pa. St. 478; Brenenan v. Association, 3 W. & S. (Pa.), 218; Burns v. Union, 10 N. Y. Supp. 916; Supreme Sitting v. Stein, 120 Ind. 270; Supreme Council v. Forsinger, 125 Ind. 52; Anderson v. Supreme Council, 135 N. Y. 107; Woman's C. O. F. v. Keefe, 59 Ill. App. 390; Grand Lodge K. P. v. People ex rel., 60 Ill. App. 550.

Mr. Presiding Justice Gary delivered the opinion of the Court.

The bill of exceptions is criticised as not containing all the "evidence," because, instead of that word, "testimony" is used.

That distinction is a little too fine for every-day use. Garrity v. Hamburger Co., 136 Ill. 499; People v. Henckler, 137 Ill. 580.

Two questions of law are presented by the appellee in justification of the direction of the court below to the jury to find for the defendant.

We can not know whether it was upon one or the other or both of those questions that the direction was made.

First. The charter says that among the objects of the appellee are "the relief and aid of the families, widows, orphans" of its deceased members. The certificate sued upon recites that Abraham Falk "has been accepted as a member of the order," and that "upon his death" the lodge will, if he has kept good his standing, pay "the amount of one assessment, not to exceed, however, the sum of two thousand dollars, to Benjamin J. Schiff, in trust for his children." Schiff sues for the use of Falk's children, and the appellee says it should be for the use of his own children.

The appellee has no concern with the use.

Schiff is the proper party to sue, and need name no use, and if he name one, the words are surplusage. Tedrick v. Wells, 152 Ill. 214; Boone v. Stone, 3 Gilm. 537.

Besides, the declared objects of the order correct the imperfect grammar of these Teutons. Falk had the care of his own children on his heart.

Second. The certificate sued upon provides that the rights of the beneficiary "shall be determined by the charter, constitution, laws, rules and regulations of the order in force at the time that the sum due hereunder is payable."

The by-laws provide that the claim of a beneficiary shall not be paid until it has been passed upon favorably by a subordinate lodge, and some higher officers; provides for

appeals from one tribunal to another, and winds up with, "members of the order and their beneficiaries shall not have the right to seek redress in courts of record until after the appeals herein above mentioned for redress shall have been exhausted by them."

Conditions of that character "that keep the word of promise to our ear, and break it to our hope," of which it is safe to say that of those who take membership in benefit societies but a very small minority ever have any knowledge, are always most strictly construed, and "a strained interpretation will be resorted to if necessary to avoid" them. Ry. Conductors' Ben. Ass'n v. Robinson, 147 Ill. 138.

Here no such straining is needed. It is only necessary to adhere to the letter, without extending the condition to a case that may be within the spirit, but not within the letter of the condition. In words, it embraces only "members of the order and their beneficiaries."

The appellant is neither. He is a trustee for the beneficiaries, and sues upon a contract with himself. He might sue without alluding in his pleading to the uses.

The brief of the appellant anticipates that the appellee would object that the remedy was only in chancery, and cites Metropolitan, etc., v. Windover, 137 Ill. 417, and Ring v. United States, etc., 33 Ill. App. 168, to show the contrary.

Those cases are not quite in point, and the question is not really before us; but it is a general rule that upon breach of a promise, assumpsit will lie whether the promise be to pay absolutely a sum of money, or to do some other thing.

A promise to pay "the amount of one assessment" includes a promise to make the assessment; and the presumption, unless the contrary be shown, would seem to be that such assessment would provide enough to pay the sum designated; and if the fact be otherwise, it is easy for the lodge to show it.

The judgment is reversed and the cause remanded.