## William H. Calverley v. Peter Steckler.

1. CONSOLIDATION OF DEMANDS—*when need not be made before justice of the peace.* A consolidation of several independent demands susceptible of consolidation need not be made in an action before a justice of the peace where the aggregate of such demands exceeds the jurisdiction of such justice.

Action commenced before justice of the peace. Error to the Circuit Court of Wabash County; the Hon. E. D. YOUNGBLOOD, Judge, presiding. Heard in this court at the August term, 1905. Reversed. Opinion filed March 22, 1906.

E. B. GREEN and THEODORE G. RISLEY, for plaintiff in error.

MUNDY & PHIPPS, for defendant in error.

MR. PRESIDING JUSTICE MYERS delivered the opinion of the court.

The plaintiff in error brought an action of trover before a justice of the peace against the defendant in error to recover the value of five tons of clover hay.   On appeal and trial by the Circuit Court with a jury, judgment was given in favor of the defendant and against the plaintiff for costs. The plaintiff brings the record to this court for review by writ of error.

On the trial in the Circuit Court and before the finding and judgment the plaintiff submitted to the court the following proposition as applicable to the issues in the case and the evidence introduced :

" That, if the plaintiff, at the time of the commencement of the first suit before the justice of the peace, had two independent demands, or causes of action, against the defendant, Steckler, either in replevin, or in trover, or in replevin and trover, and such causes of action, or demands, were of a nature to be consolidated into one action, yet, if when consolidated they would have exceeded in amount the sum of two hundred dollars, the limit of the jurisdiction of a justice of the peace, in such case the plaintiff had the right to bring separate actions, one on each demand, before the justice of the peace, and the recovery of a judgment in the first suit is no bar to a recovery in the second suit."

The court refused the proposition and so marked it.   Error is duly assigned upon the action of the court in refusing the said proposition and in not holding the law to be as therein stated.   This presents the only question argued by counsel, and therefore the only question to be considered and determined by this court.   The facts are substantially as follows:   On February 10, 1900, the defendant had in his possession on a farm formerly owned by the plaintiff five tons of clover hay (the property in controversy) and other personal property claimed by plaintiff, consisting of hay in stack, fence-rails, turkeys, stove wood, corn, etc. After demand for the property claimed and the refusal of defendant to surrender it, plaintiff brought suit in replevin to recover all except the five tons of clover hay.   In the

affidavit or complaint, the value of the property to be replevied was fixed at $199.45. That suit was contested and appealed to the Circuit Court where plaintiff obtained judgment for all the property replevied. Afterwards this suit in trover was brought to recover the value of the five tons of clover hay, with result as already stated.

On the trial in the lower court and in this court, defendant's counsel insist that the judgment in the replevin suit is a bar to the present action. This was the view taken by the Circuit Court. In support of the contention made, the statute (sec. 53, chap. 70) is invoked. The statute requires that in actions before a justice of the peace each party shall bring forward all his demands against the other, existing at the time of the commencement of the action, "which are of such a nature as to be consolidated, and which do not exceed two hundred dollars when consolidated into one action or defense." The demand in this action and the demand in the replevin suit, when consolidated, would greatly exceed two hundred dollars, the limit of a justice's jurisdiction. Treated as separate demands they were not required by the statute to be consolidated, even though they were of such a nature as to permit their being brought together in the same action. There is a well-recognized principle in common law pleading and practice that a plaintiff cannot divide an entire demand or cause of action and thus multiply the number of suits to the prejudice and annoyance of the defendant or for his own convenience. In case he does so divide his cause of action, a judgment in one suit may be pleaded in bar of the others. This is a salutary rule to prevent multiplicity of suits and vexatious litigation. It has no application when suit is brought upon several separate and distinct demands. In such case the plaintiff is not bound to consolidate his demands even where they are of such a nature as may be consolidated, unless he brings suit in the justice court, and then only when the aggregate amount of his demands does not exceed two hundred dollars. Nickerson v. Rockwell, 90 Ill. 460. It is clear that plaintiff could have brought

and prosecuted both suits concurrently or successively in the Circuit Court, and to neither could the plea of former adjudication in bar or other action pending in abatement have been properly interposed. If consolidation could not be compelled in the Circuit Court, under the facts in the case, there is no reason in law why it may have been required in the justice court. In case of replevin where the officer holding the writ fails to find or recover all the property called for, the statute permits an additional count in trover for the value of the property not found. In no other case is it permitted, much less required. We are, therefore, of opinion that the proposition submitted and marked "refused" by the trial court, was a correct statement of the law applicable under the evidence in this case and that the Circuit Court erred in refusing it. The judgment will be reversed and the cause remanded.

*Reversed.*