John T. Smith for use of L. F. Karle, Appellee, v. Vandalia Railroad Company, Appellant.

1. PARTIES, § 13*—*effect of suit in the name of one for the use of another.* Where a suit is brought in the name of one person "for the use" of another, the former is the plaintiff, and the words, "for the use, etc.," are surplusage, having no effect upon the suit and are of no concern to the defendant.

2. APPEAL AND ERROR, § 1231*—*when splitting cause of action cannot be complained of.* The fact that plaintiff split his demands by bringing suit for a less sum than was actually due cannot be complained of by the defendant on appeal from the judgment re-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

covered against him, since he is entitled to set up the judgment in bar of any subsequent suit to recover the balance of the demand.

3. PARTIES, § 43*—*when mistake in name of plaintiff may be amended.* Where after a verdict has been rendered an error is discovered in the middle initial of plaintiff's name, the court may, upon motion of plaintiff, before final judgment permit the amendment of the summons and pleadings so as to show that the suit was brought in his true name.

Appeal from the City Court of East St. Louis; the Hon. ROBERT H. FLANNIGAN, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed July 28, 1914.

WHITNEL & BROWNING, for appellant; FORDYCE, HOLLIDAY & WHITE, of counsel.

DAN McGLYNN, for appellee.

MR. JUSTICE McBRIDE delivered the opinion of the court.

This is an appeal from a judgment rendered by the City Court of East St. Louis. The record in this case discloses that John T. Smith was engaged at work for the appellant during the months of November and December, 1912, and that there was due him from the Company as wages $77 and a few cents. John T. Smith was indebted to L. F. Karle, who brought suit against J. T. Smith in the name of J. H. Smith before George A. Boyne, a justice of the peace in East St. Louis, and a garnishment was served upon appellant to subject the wages of J. T. Smith to the payment of Karle's claim; that on December 10, 1912, John T. Smith signed an order drawn on the appellant, Vandalia Railroad Company, in favor of George A. Boyne, justice aforesaid, for $46.45, for the purpose of paying the claim of Karle against John T. Smith. Upon receiving this order Boyne mailed the same to the attorneys of the appellant, but the order was afterwards returned to Boyne and left upon his desk. Karle took the order and had a talk with John T. Smith about it

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

and Smith told him to bring suit against the Company. He said he had done all he could do. Thereupon L. F. Karle brought suit in the name of J. H. Smith for the use of Louis F. Karle against the appellant for $56.45, being the amount of his claim. The only evidence introduced upon the trial of the case with reference to the claim was that of John T. Smith, who said that appellant was indebted to him in the amount of $77, and that at the time of the garnishment it was indebted to the amount of $67; that he gave the order to Justice of the Peace Boyne for the purpose of settling the claim of Karle. At the close of plaintiff's evidence the defendant asked the court to direct a verdict in its favor, which the court refused to do, and thereupon the defendant refused to offer any further testimony and the trial court, upon the motion of the plaintiff, directed a verdict for the plaintiff for the amount of $56.45. After the verdict had been rendered it was discovered that the true name of the plaintiff was John T. Smith instead of John H. Smith, and thereupon the court, upon the motion of appellee, permitted an amendment of the summons and pleadings so as to show that the suit was in the name of John T. Smith instead of John H. Smith. Judgment was rendered upon this verdict, to reverse which this appeal is prosecuted. It is not denied by appellant in this case but that it was indebted to John T. Smith in the sum of more than $56.45, but contends that this is an effort upon the part of John T. Smith to transfer to Karle a part of the claim and retain a portion of it for himself, and that the effect of it is a splitting of the demand of John T. Smith against appellant, and for that reason this suit cannot be maintained. The idea of counsel for appellant seems to be that this is a suit of Karle, because it is brought in the name of John T. Smith for the use of Karle. As we view the law the fact that the suit is brought in the name of John T. Smith for the use of Karle does not make Karle the

plaintiff, but John T. Smith the plaintiff, and the words, "for the use of Karle," are surplusage and could only control the relations existing between Smith and Karle. The words, "for the use, etc.," are unnecessary for any purpose other than to protect the interests of the usee against the nominal plaintiff." *Tedrick v. Wells,* 152 Ill. 217.

Where a party brings a suit in his own name for the use of another party, the words, "for the use, etc," are surplusage. He need not name any one as the usee, but if he does it has no effect upon the suit. *Schiff v. Supreme Lodge Order Mut. Protection,* 64 Ill. App. 341. Where a suit is brought by a plaintiff for the use of another the defendant has no concern with the use. *Schiff v. Supreme Lodge Order Mut. Protection, supra.*

Again it is insisted by appellant that this is a splitting of appellee's demands and might result in a multiplicity of suits against the appellant, whereas it could all be recovered in one action. The position of counsel that it would result in a splitting of demands seems to us to be well taken, but we do not agree with them as to the effect of it. It is no concern of the appellant as to how much is included in appellee's judgment so long as it does not undertake to recover more than is due to him. This action was commenced before a justice of the peace, and under the statute he would have to include all claims existing against appellant at the time the suit was brought. If, however, in a suit brought, less than the whole amount due was claimed or demanded, the fact that he had failed to sue for the whole amount and was taking judgment for less than was actually due could not be complained of by the appellant in that suit. If, however, the appellee should attempt to bring another action against appellant for the balance of his claim or demand, then appellant could very justly and properly invoke the doctrine here contended for and plead the former judgment in bar. *Calverley v. Steckler,* 126 Ill. App. 586. We do not

think that appellant has any right to complain because suit is brought for a less amount than is actually due, and set such fact up as a bar to the action.

It is further contended by counsel for appellant in its reply brief that if appellee's contention, that this is not a suit by Karle but is a suit by John T. Smith, is true, then under the fourth error assigned, this cause should be reversed as the suit was brought in the name of John H. Smith for the use of Karle, and counsel for appellee was permitted to amend the original summons so as to make John T. Smith plaintiff, after the verdict had been returned. We cannot see any objection or reason why the court should not have permitted this amendment under the statutes of this State, both under section 1 of chapter 7 (J. & A. ¶ 300), and section 42 of chapter 79. (J. & A. ¶ 6903.) The court may, at the request of either party, at any time before final judgment, amend the summons and other papers in the case so as to make the same conform to the true names of the plaintiff and the defendant. We cannot see how appellant is in any manner injured by this amendment or by this judgment. It appears from the evidence, and is not denied, that the appellant is indebted to John T. Smith for even more than the judgment, and we believe the court ruled properly in directing a judgment against it for the amount sued for.

The judgment of the lower court is affirmed.

*Judgment affirmed.*