Ivar F. Melohn, Trading as Elmdale Farm for Use of Employers' Liability Assurance Corporation, Limited, Plaintiff-Appellant, v. Eugene Ganley, Defendant-Appellee.

Gen. No. 10,438.

Opinion filed July 12, 1951. Rehearing denied October 4, 1951. Released for publication October 4, 1951.

GATES W. CLANCY, of Geneva, for appellant.

PUKLIN, PUKLIN, NELSON & PAGE, of Aurora, for appellee; ARTHUR L. PUKLIN, and JEROME NELSON, of AURORA, of counsel.

MR. JUSTICE BRISTOW delivered the opinion of the court.

Plaintiff, Ivar F. Melohn, doing business as Elmdale Farm, is appealing from an order of the circuit court of Du Page county dismissing his complaint against defendant, Eugene Ganley, in which plaintiff sought to recover, for the use of the Employers' Liability Assurance Corp., Ltd., the amount of workmen's compensation and medical expenses paid to an employee for injuries allegedly caused by defendant's negligence.

In adjudging whether the circuit court erred in dismissing plaintiff's complaint, the sole issue before this court is whether an employer, who has paid workmen's compensation to an employee, allegedly injured by a third party, who is not under the Workmen's Compensation Act, is barred from instituting a proceeding against the third party to recover the amount of compensation paid to the employee, by the fact that the third party has paid damages to the employer and the injured employee, pursuant to a judgment entered on their respective counterclaims, in a prior common-law proceeding.

The facts material to the determination of this issue are uncontroverted. On October 10, 1946, on U. S.

319

Highway No. 20, about 18 miles east of Galena, Illinois, a collision occurred between the motor truck owned by the plaintiff, Ivar F. Melohn, doing business as Elmdale Farm, and driven by his employee, Henry Mensing, Jr., and a Chevrolet sedan owned and operated by the defendant herein, Eugene Ganley. On September 25, 1946, Eugene Ganley commenced a negligence action against both the plaintiff herein, and his employee, in which proceeding both the employer and the employee filed counterclaims, each alleging, in substance, that he was in the exercise of ordinary care for his own safety; that Eugene Ganley negligently drove his vehicle at an excessive speed and in the wrong lane, in violation of Illinois statutes, and neglected to keep a look out ahead for approaching vehicles; and that as a proximate result of this negligence Eugene Ganley collided into the truck owned by the plaintiff herein, causing certain enumerated damages.

That proceeding was tried before a jury, which was instructed, in assessing damages on the counterclaim, to consider "such future bodily suffering and loss of health, if any, as you may believe from the evidence the defendant (employee Henry Mensing) will sustain, as well as such sum as . . . will be a fair compensation for the injuries sustained." A verdict was entered on the counterclaim, awarding the employee, Henry Mensing, $64, and the employer, $390, on which judgment was entered on June 6, 1947.

The employee, Henry Mensing, Jr., filed a claim for compensation against his employer, Ivar F. Melohn, doing business as Elmdale Farm, and under an award entered by the Industrial Commission on June 28, 1948, the employer was required to pay $1046.08 for compensation and medical bills. The employer thereafter, on August 10, 1948, filed the complaint herein against the defendant, Eugene Ganley, to recover this

sum for the use of his insurance carrier, the Employers' Liability Assurance Corp., Ltd.

In this complaint, the plaintiff employer alleges the collision on August 10, 1946, between the vehicle operated by its employee, and that operated by defendant, Eugene Ganley; plaintiff's exercise of due care; and the same negligent acts of defendant, as were alleged in the aforementioned counterclaim, as approximate result of which, the employee sustained certain injuries. Plaintiff further alleges that the employee filed a claim under the Workmen's Compensation Act, that the Industrial Commission entered an award in favor of the employee, which plaintiff paid, and that under the Act he is entitled to recover such sums from the third party allegedly causing the injuries.

Defendant, Eugene Ganley, filed a motion to dismiss the complaint, supported by affidavits, alleging that the employee, and the plaintiff employer had filed counterclaims for their injuries and damages, arising out of the collision, in the common-law action, which defendant had instituted, and had recovered therein a judgment, which constituted a bar to the proceedings herein.

Plaintiff thereafter filed an affidavit in opposition to the motion, alleging that the claim presented before the Industrial Commission was different from that presented in the counterclaim, in that a hernia operation had occurred, for which the employee received compensation and the payment of his medical bills, under an award by the Industrial Commission.

On the basis of these allegations, and the affidavits in support thereof, the circuit court below held that the judgment in favor of the employee, Henry Mensing, on his counterclaim, was a bar to the instant case, and granted defendant's motion to dismiss the complaint.

From this order plaintiff has prosecuted this appeal, urging that neither the doctrines of *res judicata,* nor

estoppel by verdict, are applicable, since there is a lack of identity in the subject matter of the suit, in the parties, in the quality of the persons, and in the cause of action, presented in the complaint herein and in the prior counterclaim.

In determining whether the circuit court erred in dismissing the complaint, it is apparent from the terms of the complaint that plaintiff's rights, if any, must be predicated upon the second and fifth paragraphs of sec. 29 of the Workmen's Compensation Act of Illinois, (ch. 48, par. 166, Ill. Rev. Stat. 1949) [Jones Ill. Stats. Ann. 143.44] notwithstanding the fact that no reference is made in plaintiff's brief to sec. 29, or to the basis of the rights asserted by plaintiff.

It is, therefore, incumbent upon this court to determine first, the nature of the rights granted under sec. 29, and then ascertain whether they are barred by the operations of the doctrines of *res judicata* or estoppel by verdict, as urged by the defendant herein.

The interpretation of this "hydra-headed" section of the Workmen's Compensation Act has challenged the legal ingenuity of jurists and legal scholars. (*Schlitz Brewing Co. v. Chicago Rys. Co.*, 307 Ill. 322, 327; *Botthof v. Fenske*, 280 Ill. App. 362; 19 Chi.-Kent L. Rev. 231, Angerstein, "Section 29 of the Workmen's Compensation Act.")

The first paragraph of sec. 29 has been held applicable only to cases where the third person, who negligently injures the employee, is subject to the Act, and himself liable to pay compensation thereunder to injured employees. (*Botthof v. Fenske, supra.*) Under these circumstances, the employer is entitled to recover from the third person the amount of compensation paid to the employee (*Schlitz Brewing Co. v. Chicago Rys. Co., supra*), but the employee has no rights against the third person, since his rights are deemed to be "transferred to the employer" who has paid him

322

compensation. The measure of liability of the third party, in this situation, is limited to the amount of compensation paid to the employee under the Act.

In the instant case, inasmuch as it is agreed that the defendant third party is *not* bound by the Act, this first paragraph has no application herein, and it is the second paragraph, which defines the rights of employers and employees where the third party causing the injuries is not subject to the Act, which applies to the case at bar.

■ Under this paragraph of the statute, the common-law liability of the third party is preserved, and the employee is entitled to recover from him the full extent of his damages as at common law, under the same allegations and proof as would sustain a common-law negligence action. (*O'Brien v. Chicago City Ry. Co.,* 305 Ill. 244, 256.)

However, it apparently was the legislative intent, as construed by the courts, to effect a completely equitable adjustment of the rights between an employer, who is guiltless of any wrong, and an employee, who would be entitled to both compensation and common-law damages. (*O'Brien v. Chicago City Ry. Co.* at p. 252–253.) Therefore, the statute provided that the employee should indemnify such employer out of the amount received from the third party, and granted the employer a lien, to the extent of the compensation paid, on any damages recovered by the employee in the common-law action against a third person, who is not subject to the Act.

Moreover, sec. 29 not only permits the employer to join in the employees common-law action against such third person, but authorizes the employer, in paragraph 5, to institute suit in his own name, or in the name of the employee, where the employee fails to file the common-law action prior to the last three months before the action would be barred. In such a proceed-

ing, however, the employer may retain only the amount of compensation paid, and is obliged to turn over the excess sums to the employee. (*O'Brien v. Chicago City Rys. Co., supra.*) Apparently, the action herein was instituted under this provision.

 .From the foregoing analysis, it is evident that where the third party is not under the Act, sec. 29 authorizes a single common-law action for the damages resulting from his allegedly wrongful conduct, which is for the common benefit of the employer and the employee. (*Gones v. Fisher,* 286 Ill. 606, 613.) The statute clearly does not permit both a common-law action for damages by the employee against the third person, and a subsequent subrogation proceeding by the employer against the third person to recover the amount of compensation paid by him, as defendant apparently assumes.

This interpretation is evident from the decision in *Chicago Surface Lines v. Foster,* 241 Ill. App. 49, which is closely analogous to the case at bar. The court held therein that where an employee sustains injuries arising out of, and in the course of his employment, which are proximately caused by the negligence of a third person, who is not under the Act, the employer would nevertheless have no right of action against the third person to recover the amount of compensation paid, where the injured employee had received payment from the third person, pursuant to a settlement of his common-law claim.

In analyzing sec. 29 of the statute, and its affect on common-law subrogation rights, the court stated at p. 53, 54:

"There is but one legal cause of action, however, in such case against the negligent party, and a suit for damages against the latter, in the name of the employee, and judgment therein, would be a bar to an-

324

other suit brought by the employer for the same damages.''

The court further explained that if either the employer (plaintiff therein), or the employee, had brought a suit against the defendant, and had collected a judgment, the suit and the judgment would have been ''for the benefit of both . . . in accordance with their respective rights,'' and that the employer would have been reimbursed out of the proceeds for the amount of compensation he paid. If that procedure had been followed, all further rights of action would have been extinguished and discharged by the satisfaction of the judgment.

That discussion is particularly pertinent to the case at bar, where there was previous litigation wherein the employee did file a counterclaim for damages for personal injuries, both present and likely to result from the accident, upon which the court did enter a judgment, which was satisfied by the defendant third party.

The court in the *Chicago Surface Lines v. Foster* case, *supra,* in holding that payment pursuant to a settlement with the employee, would be equally conclusive of the liability of the third party, further stated:

''By force of the statute, settlement therein was for the benefit of both the employer and the employee, and by the settlement all claims against the third party on account of the injury were as fully paid and satisfied, as if defendant had paid a judgment obtained against him for damages for the same injury.'' (As did the defendant in the instant case.) ''To permit the employer to recover after such a settlement would be not only to disregard the plain language and manifest purpose of the statute, but, in effect, would compel defendant to pay twice for the same injury.''

The same observation may properly be made with reference to requiring defendant herein to pay plaintiff's claim.

Similarly, in *Gones v. Fisher, supra,* the court stated at p. 613:

"Payment of the judgment by the defendant, if any should be recovered against him, would completely discharge him from all further liability."

This court is cognizant, however, of the decision in *Wilson Garment Mfg. Co., Inc. v. Edmonds,* 312 Ill. App. 317, where the court, without considering the particular issue in detail, held that where all the parties were under the Act, there could be a recovery by the employer against the third party, under sec. 29, irrespective of a previous settlement between the third party and the employee. This decision was apparently predicated on the ground that since all parties were under the Act, the employee had no legal right to recover common-law damages from the third party under sec. 29, and hence the payment to him was of no effect. Inasmuch as the third party herein is not under the Act, and the employee does have a right under sec. 29, to recover common-law damages against him, the *Edmonds* case is not applicable, and the payment to the employee pursuant to the judgment should discharge the third party from further liability under the authorities previously cited.

Furthermore, since, under sec. 29, the measure of liability of a third party, not under the Act, in an action by the injured employee, is the extent of the damages sustained by the employee (*Johnson v. Turner,* 319 Ill. App. 265, 278), the mere fact that the damages awarded by the jury are not considerable, would not justify construing the statute to authorize another action for more damages, so as to permit the employer to be fully reimbursed.

In his reply brief, plaintiff's counsel for the first time refers to a case under sec. 29, and asserts that *Schlitz v. Chicago Rys. Co., supra,* indicates that the *O'Brien* case, *supra,* relied upon by defendant in sup-

port of the foregoing interpretation of sec. 29, is not applicable to the case at bar. Counsel, thereupon, quotes an excerpt from the *Schlitz* case, wherein the court stated that it has been held that the Compensation Act abolished the common-law right of action against a third party where all the parties are subject to the Act. He also quotes a statement by the court noting that sec. 29 contained ambiguities, and admitted that questions arise under this section which make it difficult to construe, in accordance with principles of statutory construction, and still accomplish the purpose of its enactment.

Clearly, this excerpt, though a cogent observation, in no way assists plaintiff's cause, or negates defendant's analysis of the statute, or renders the *O'Brien* case inapplicable. For, inasmuch as all the parties in the *Schlitz* case were under the Act, paragraph 1 of sec. 29 applied, whereas in the *O'Brien* case, as is in the case at bar, the third party was not under the Act, and paragraphs 2–5 of sec. 29 are involved. Hence it would appear that plaintiff's counsel has not fully comprehended either the distinction between these provisions, and their applicability to the case at bar, or the *ratio decidendi* of the *Schlitz* case.

In fact, plaintiff's counsel has not endeavored to interpret sec. 29, but has merely argued that this proceeding is not barred by the previous common-law action on the ground that there is a difference in the parties, since this suit is for the use of the insurance carrier, and a difference in the subject matter, inasmuch as the counterclaim involved damages for loss of property and injuries, whereas this is a subrogation action to recover disability payments and medical bills paid by the employer. Plaintiff also asserts that the doctrine of estoppel by verdict is not applicable, since the amount involved in this suit could not have been presented in the earlier action.

327

From the analysis of the statute submitted herein, which sustains defendant's interpretation, and is supported by the decisions of the Illinois courts, it is apparent that the only theory under which the plaintiff-employer could assert so-called subrogation rights against the defendant herein, who is not under the Act, would be, if the employee failed to institute his common-law action against the third party prior to the three months before the action would be barred. Under these circumstances, plaintiff would be obliged to bring suit for all damages to which the employee would be entitled, and not merely for the amount of compensation payable under the Act, even though plaintiff could only retain the amount paid by him to the employee, and would have to turn over the excess to the employee.

Defendant contends, however, that the employee's interposition of the counterclaim for his injuries, allegedly caused by defendant's negligence in the prior action, constituted the exercise by the employee of his common law rights. He argues, further, that the parties and subject matter herein are essentially the same as under the counterclaim, the only difference being in the amount of damages claimed, and, inasmuch as a judgment in an action for part of a claim precludes the institution of a second action for the residue, defendant maintains that his payment of the damages awarded the employee by the jury, relieved him from any further liability.

██ Under the doctrine of *res judicata,* a final judgment on the merits by a court having jurisdiction of the parties and the subject matter, is conclusive of all rights which were determined, and all grounds of recovery or defense which might have been presented, in a subsequent proceeding involving the same claim between the same parties, or their privies. (*Harding Co. v. Harding,* 352 Ill. 417; 30 Am. Jur. 908.)

328

██ With reference to the identity of the parties, it is clear that despite the inclusion of the phrase ''for the use of the Employers' Liability Assurance Corp., Ltd.,'' herein, the employer, Ivar F. Melohn, doing business as Elmdale Farm, is the real party in interest. (*Smith for the use of Karle v. Vandalia Rd. Co.,* 188 Ill. App. 426–429.) The position of the insurance company is entirely dependent upon the validity of the rights asserted by Ivar F. Melohn, the employer, and the words ''for the use of'' are necessary for any purpose other than to protect the interest of the insurance company against the employer, Ivar Melohn, doing business as Elmdale Farm. The words do not effect the rights which the employer has against the defendant third party. (*Schiff v. Supreme Lodge Order Mut. Protection,* 64 Ill. App. 341).

Moreover, under sec. 29, the action asserted by the plaintiff herein is, in reality, the same cause of action which the employee has, and the use of the employer's name is more a matter of form than substance, since the employer is permitted under the Act to bring suit in the name of the employee, even without first obtaining the employees permission to do so.

██ In determining whether the nature of a second cause of action is the same as a prior one, the test generally is whether the same evidence would sustain both actions. (30 Am. Jur. 918.) As hereinbefore noted, the court in the *O'Brien* case, *supra,* stated that the same proof would sustain the action under sec. 29, as would sustain a common-law negligence action.

A comparison of the complaint herein, with the allegations of the employee's counterclaim reveals that they both allege the collision on Oct. 10, 1946, the employee's exercise of due care, and the negligent acts of the third party, which proximately caused the injuries sustained by the employee. These allegations

are essential before any liability could be imposed upon the defendant for the recovery of any sum. The only difference in the two pleadings, however, is the allegation in the complaint, herein, of the payment of disability compensation and medical expenses, pursuant to an order of the Industrial Commission, and the assertion that the Act authorizes plaintiff to recover therefor from defendant.

██ It is apparent that this allegation merely constitutes an additional element of damage, and, according to settled principles of law, even though all the relief to which a party may be entitled is neither requested or granted in the first action, and the recovery therein presents only a part of the damages he suffered, nevertheless, a judgment obtained in that action, precludes a second action for the residue of the claim. (30 Am. Jur. 917.) It must be noted, therefore, that in the prior common-law action, the plaintiff also filed a counterclaim, alleging therein the same collision, occasioned by defendant's negligence, and seeking only property damage for the vehicle driven by the employee.

Plaintiff argues that the additional damage alleged herein not only changes the nature of his action, but was not, and could not have been, presented in the prior counterclaims, since the hernia operation had not yet occurred, and no compensation award had been made, consequently this proceeding is not barred.

██ This contention is untenable, and contrary to the law, as well as the facts in the cause. In the prior common-law action, the jury were instructed, in assessing damages on the counterclaim, to take cognizance of future bodily suffering by the employee, resulting from defendant's alleged negligence. That element of future damage was, therefore, before the court. Moreover, the Illinois courts have held that there cannot be successive suits brought as damages may in

the future be suffered, and recovery must embrace prospective, as well as accrued, damages. (*Howell v. Goodrich,* 69 Ill. 556.)

 The fact that no claim for the exact amount of compensation which plaintiff was required to pay could not have been made in the prior proceeding, does not warrant judicial legislation allowing both a common-law suit for damages by the employee against the third party, and a subsequent action under sec. 29, where it appears that the employee was not awarded enough in his common-law action to indemnify the employer. As noted, hereinbefore, the court in the *Chicago Surface Lines v. Foster* case, held that such a result would be inequitable.

Moreover, the Illinois Supreme Court has already noted that under certain circumstances sec. 29 of the Act does not seem to adequately protect the rights of the employer to reimbursement. In that case the court was constrained to hold that the employer must institute proceedings against the third party (where all of the parties were under the Act) within the same time the employee might have done had his action not been transferred to the employee, notwithstanding the fact that the compensation proceeding against the employer had not yet been finalized. The court held that the statute must be applied according to its terms in accordance with canons of statutory construction, even though one of the legislative purposes might not be completely effectuated.

 Under the foregoing analysis, inasmuch as the employee had exercised his common-law action against the third party, not under the Act, through his counterclaim for injuries in the prior action, which was adjudicated, and damages paid to him by defendant pursuant thereto, the employer is now barred from instituting further proceedings against the third party under sec. 29. Hence the circuit court did not err in granting

defendant's motion to dismiss plaintiff's complaint, and the judgment entered by that court should properly be affirmed.

*Judgment affirmed.*