RODNEY SNYDER, Plaintiff-Appellant, v. DR. AHMAD JUDAR *et al.*, Defendants-Appellees.

First District (3rd Division)   Nos. 82—2337, 83—0098 cons.

Opinion filed March 29, 1985.

Harold A. Liebenson, of Chicago, for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Stanley J. Davidson and E. Michael Kelly, of counsel), for appellee Ahmad Judar.

Pretzel & Stouffer, Chartered, of Chicago (Walter H. Djokic and Robert Marc Chemers, of counsel), for other appellees.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, Rodney Snyder, brought this negligence action against defendants St. Elizabeth's Hospital, Ancilla Domini Health Services, Inc., and Dr. Ahmad Judar. Defendants moved to dismiss the action on the basis that it was not timely filed, and the trial court granted their motions. We reverse and remand.

In his complaint, plaintiff alleges that on October 14, 1979, he entered St. Elizabeth's Hospital for treatment of injuries received in an automobile accident. Judar is engaged in the practice of roentgenology at the hospital. Plaintiff further alleges that Judar and the hospital, through its agents and servants, negligently determined that there were no fractures or dislocations in plaintiff's right hip and then permitted plaintiff to leave the hospital "ambulatorily, which in turn aggravated and created a more serious condition of the right hip." Subsequently, plaintiff went to Royal Columbian Hospital in Canada where surgery was performed on his right hip. Around March 11, 1980, plaintiff wrote St. Elizabeth's for a copy of his X ray report. Plaintiff alleges that upon receiving the report, he learned for the first time of defendants' failure to diagnose the fracture in his hip. Finally, plaintiff alleges that he filed this action within two years of the date that he learned of this information.

This suit was filed on January 4, 1982. Each defendant filed a motion to dismiss, asserting that the suit was barred because it was not filed within the two-year period provided by the Limitations Act (Ill. Rev. Stat. 1981, ch. 83, par. 22.1) since the alleged malpractice occurred in October 1979, but the complaint was not filed until January 1982. The trial court granted the motions.

■ The relevant provision of the limitations statute provides that medical malpractice actions shall not be brought more than two years after the plaintiff knew or should have known of the injury, but in no event more than four years after the date of the alleged misconduct. (Ill. Rev. Stat. 1979, ch. 83, par. 22.1, recodified in Ill. Rev. Stat. 1981, ch. 110, par. 13—212.) In *Witherell v. Weimer* (1981), 85 Ill. 2d 146, 421 N.E.2d 869, and *Nolan v. Johns-Manville Asbestos* (1981), 85

Ill. 2d 161, 421 N.E.2d 864, the supreme court addressed the question of when this limitations period is triggered. The court concluded that "[t]he statute starts to run when a person knows or reasonably should know of his injury and also knows or reasonably should know that it was wrongfully caused. At that point the burden is upon the injured person to inquire further as to the existence of a cause of action." (*Witherell v. Weimer* (1981), 85 Ill. 2d 146, 156, 421 N.E.2d 869, 874; see *Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 169, 421 N.E.2d 864, 868.) The *Nolan* court specifically stated that this rule was different from a rule which would recognize accrual of a cause of action when a person knows or should know of both the injury and the defendants' negligent conduct. (85 Ill. 2d 161, 170, 421 N.E.2d 864, 868.) The court rejected such a rule because it appeared contrary to the purposes underlying the limitations statute. (85 Ill. 2d 161, 171, 421 N.E.2d 864, 868.) In support of the rule that was adopted, the court stated that under the rule, the injured person would not be required to know the inherently unknowable, yet at the same time, he would not be permitted to slumber on his rights. (85 Ill. 2d 161, 421 N.E.2d 864, 868.) The question of when a party knew or reasonably should have known both that an injury occurred and that it was wrongfully caused is one of fact, unless the facts are undisputed and only one conclusion may be drawn from them. *Witherell v. Weimer* (1981), 85 Ill. 2d 146, 156, 421 N.E.2d 869, 874; *Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 171, 421 N.E.2d 864, 868-69.

■ We believe that the allegations made by plaintiff in his complaint were sufficient to raise a factual question as to when he knew or should have known of the injuries which form the basis for this suit and as to when he knew or should have known that such injuries were wrongfully caused. While plaintiff knew on October 14, 1979, that he had received injuries in the automobile accident, the injuries which plaintiff allegedly sustained as a consequence of these defendants' negligence were not evident. The injuries which plaintiff attributes to these defendants related to aggravation of the hip fracture which resulted from the automobile accident. Any aggravation of the original injuries caused by defendants' negligence is clearly separate and distinct from the injuries suffered by plaintiff in the accident itself. Thus, we cannot say as a matter of law that merely because plaintiff knew or should have known of the original injuries and that they were wrongfully caused, that he knew or should have known of the subsequent injuries and that they were wrongfully caused. Rather, plaintiff's allegations raise a factual issue as to when the limitations period was triggered.

Defendants argue that "plaintiff had full knowledge of his 'injury' at the time of the automobile accident and thus, the statute of limitations began to run at that time." This argument is untenable. If we were to accept defendants' position, then plaintiffs who receive immediate medical care for traumatic injuries would be required to investigate the possibility of a medical malpractice action and perhaps file suit, even though no medical malpractice is initially suspected, in order to avoid the running of the limitations period in case malpractice is subsequently discovered. This would place an undue burden of investigation on plaintiffs and would unfairly involve health care providers in needless and vexatious litigation. Such a result should be eschewed by the courts, not condoned.

In support of this argument, defendants rely on *Urchel v. Holy Cross Hospital* (1980), 82 Ill. App. 3d 1050, 403 N.E.2d 545, which involved facts similar to those before us. In granting defendants' motions to dismiss, the trial court here found that *Urchel* was controlling. In *Urchel*, the plaintiff was injured in an automobile collision with a CTA bus on September 16, 1973, and he was taken to the hospital for treatment. Plaintiff filed a negligence action against the CTA, and this suit was settled in 1976. Subsequently, on March 4, 1977, the plaintiff sued the hospital and physicians for medical malpractice. In the complaint for medical malpractice, the plaintiff alleged that he first became aware of defendants' negligence on August 23, 1976, when a deposition was given by a witness in another case involving the same CTA accident. Plaintiff further alleged that August 23, 1976, was the first time he knew or could have discovered that any portion of his injuries was attributable to medical malpractice. Defendants filed motions to dismiss on the basis that the limitations period had run, and the trial court granted the motions. The appellate court affirmed.

The *Urchel* court found that once the plaintiff was injured and became aware of the possibility that someone was at fault, he was required to file suit within the normal two-year period provided for medical malpractice actions under section 21.1. During this period of time, the court stated, "[T]he plaintiff should have thoroughly investigated the circumstances of the accident and events occurring subsequent thereto to determine not only the facts necessary to his suit against the CTA but, in addition, to determine whether any other parties might have been at fault." (82 Ill. App. 3d 1050, 1053, 403 N.E.2d 545, 547.) To the extent *Urchel* suggests that, as a matter of law, a person who received medical treatment following a traumatic injury has two years from the date of the injury in which to file a

medical malpractice action regarding negligent treatment of the injury, we disagree with the *Urchel* decision.

We conclude that the trial court erred in granting defendants' motions to dismiss based on the running of the limitations period. The facts alleged present a question as to when plaintiff knew or should have known both that he was injured and that his injury was wrongfully caused, and, based on that determination, whether this suit was filed within two years from that time.

Accordingly, the judgment of the circuit court is reversed, and this case is remanded for further proceedings.

Reversed and remanded.

WHITE, P.J., and McGILLICUDDY, J., concur.