RUBY VA SALLE, Adm'r of the Estate of Charles VaSalle, Deceased, Plaintiff-Appellant, v. THE CELOTEX CORPORATION *et al.*, Defendants-Appellees.

First District (4th Division) No. 86—1683

Opinion filed September 24, 1987.

JIGANTI, J., dissenting.

William R. Fahey and Robert N. Wadington, both of Robert J. Cooney & Associates, of Chicago, for appellant.

Francis D. Morrissey, Daniel J. Cheely, Paul B. O'Flaherty, Jr., and Luke L. Dauchot, all of Baker & McKenzie, and Michael W. Rathsack, both of Chicago, for appellees.

PRESIDING JUSTICE McMORROW delivered the opinion of the court:

Plaintiff Ruby VaSalle (plaintiff), administrator of the estate of her husband Charles VaSalle (VaSalle), filed a complaint against numerous manufacturers, distributors, or sellers of asbestos-containing insulation. The complaint sought damages resulting from VaSalle's adenocarcinoma of the lungs (lung cancer), caused by his exposure to defendants' asbestos products when he was employed as an insulator. Certain defendants filed a motion for summary judgment, claiming that plaintiff's causes of action were barred by the statute of limitations because they accrued when VaSalle discovered that he was suffering from asbestosis, seven years before the instant suit was filed. The trial court allowed defendants' summary judgment motion, and plaintiff appeals.

We reverse and remand.

BACKGROUND

From 1941 to 1973, VaSalle worked as an insulator and was exposed to defendants' asbestos insulation products. He was notified that he had contracted asbestosis in 1972. In 1976, he filled out and signed a disability insurance claim in which he named "asbestosis" as the cause of his disability, and stated that his asbestosis condition was "due to employment." He apparently did not file any tort action for damages arising from the asbestosis. In September 1979, VaSalle was diagnosed as suffering from lung cancer caused by his exposure to asbestos. He died from the lung cancer a month later. In May 1980,

plaintiff filed a tort action seeking damages relating to VaSalle's asbestos-originating lung cancer.

Certain defendants (who are appellees herein) filed a motion for summary judgment, claiming that the plaintiff's causes of action were barred by the statute of limitations. Following briefing and argument, the trial court found that plaintiff's claims accrued in 1972 when VaSalle was diagnosed as suffering from asbestosis, were therefore barred by the statute of limitations, and entered an order allowing defendants' summary judgment motion. Plaintiff appeals.

OPINION

The question presented for review is whether defendants established as a matter of law that plaintiff's lawsuit was not timely filed within the two-year statute of limitations. (See Ill. Rev. Stat. 1985, ch. 110, pars. 13—202, 13—213; *Costello v. Unarco Industries, Inc.* (1986), 111 Ill. 2d 476, 490 N.E.2d 675; *Mega v. Holy Cross Hospital* (1986), 111 Ill. 2d 416, 424-25, 490 N.E.2d 665.) Plaintiff maintains that the statute of limitations commenced in 1979 when VaSalle learned that he had contracted lung cancer caused by his exposure to asbestos contained in defendants' insulation products. Defendants assert that plaintiff's causes of action accrued in 1972 when VaSalle discovered that he was suffering from asbestosis.

 █ As a general rule, when a plaintiff suffers an obvious injury from a single, traumatic event, the statute begins to run when that event occurs. (See, *e.g., Saunders v. Klungboonkrong* (1986), 150 Ill. App. 3d 56, 60, 501 N.E.2d 882.) However, where a plaintiff's injury is latent, that is, does not manifest itself until some time after defendant's wrongful act occurred, the plaintiff's cause of action is said to accrue when plaintiff knows or reasonably should know he has been injured by the wrongful conduct of another. This "discovery rule" obtains with respect to latent physical injuries regardless of whether the plaintiff's injury is sustained as the result of a single traumatic event or several ostensibly innocuous circumstances. See, *e.g., Costello v. Unarco Industries, Inc.* (1985), 111 Ill. 2d 476, 490 N.E.2d 675; *Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 421 N.E.2d 864; *Witherell v. Weimer* (1981), 85 Ill. 2d 146, 421 N.E.2d 869; *Berry v. G. D. Searle & Co.* (1974), 56 Ill. 2d 548, 309 N.E.2d 550; *Williams v. Brown Manufacturing Co.* (1970), 45 Ill. 2d 418, 261 N.E.2d 305.

In *Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 421 N.E.2d 864, the Illinois Supreme Court held the "discovery rule" applicable to a tort claim brought by an individual suffering from asbes-

tosis. The supreme court found that the factual setting of a person who worked for several years while exposed to asbestos, and only later learned that this exposure caused him to contract asbestosis, presented "a prime example of where, though the passage of time does create problems of proof, those problems are outweighed by the hardship to the plaintiff who neither knows or reasonably should know that he is being injured." (85 Ill. 2d 161, 168, 421 N.E.2d 864, 867.) The court found particularly persuasive that "in a case such as this, it is difficult to pinpoint a precise time when an injury occurred." (85 Ill. 2d 161, 168, 421 N.E.2d 864, 867.) It further determined that to refuse application of the discovery rule to tort claims arising from asbestos injuries would work an unconscionable hardship upon a plaintiff suffering from such an illness. 85 Ill. 2d 161, 168, 421 N.E.2d 864.

■■ We find that a straightforward application of *Nolan* disposes of the question raised in this appeal. Defendants have presented no evidence that VaSalle knew any earlier than 1979 that he had asbestos-originating lung cancer and that this condition had been caused by exposure to asbestos products manufactured by defendants. Nor is there any evidence to suggest that VaSalle "would have had sufficient information to reach such a conclusion earlier [than 1979]." (85 Ill. 2d 161, 171-72, 421 N.E.2d 864, 869.) Defendants have offered no evidence to show that plaintiff's causes of action for damages relating to VaSalle's lung cancer accrued in 1972, when VaSalle was diagnosed as suffering from asbestosis. Defendants also offered no proof that VaSalle learned in 1972 that the asbestosis was caused by defendants' wrongful acts. Accordingly, based on the discovery rule as enunciated in *Nolan*, it was error to enter summary judgment in defendants' favor on the premise that plaintiff's complaint was time barred.

Defendants assert that the discovery rule applies to VaSalle's earlier discovery of asbestosis in 1972 rather than his subsequent discovery of lung cancer in 1979. Consequently, defendants contend, plaintiff's causes of action ripened in 1972 for all then current and prospective damages resulting from VaSalle's exposure to defendants' asbestos products, including damages relating to his later contraction of lung cancer in 1979. Defendants claim that this reasoning is founded upon the supreme court's decision in *Nolan*.

We do not read *Nolan* as narrowly as defendants' argument suggests. In *Nolan*, the plaintiff suffered a progressive deterioration of pulmonary capacities. As the facts there demonstrated, Nolan first "knew he had lung problems in 1957, and he knew he had pulmonary fibrosis in 1965. It was not until May 15, 1973, that he was told by a

doctor that he had asbestosis and that his condition was caused by exposure to asbestos materials at work." (85 Ill. 2d 161, 171, 421 N.E.2d 864, 869.) The supreme court determined that the question of whether a person in Nolan's position would reasonably have known, either in 1957, in 1965, or in 1973, that he had asbestosis caused by his exposure to asbestos products was a disputed factual issue not properly resolved upon summary judgment motion. 85 Ill. 2d 161, 169, 421 N.E.2d 864.

Here, plaintiff claims that asbestos-originating lung cancer and asbestosis are two separate, independent, asbestos-originating diseases. Plaintiff asserts that lung cancer caused by asbestos exposure is not a complication or progressive worsening of asbestosis. Defendants do not dispute plaintiff's position that the two diseases are separate and distinct, and presented no evidentiary basis in their summary judgment motion to contradict that position. Under these circumstances, we find that the legal injury VaSalle discovered upon diagnosis of asbestosis is separate and distinct from the legal injury he discovered upon diagnosis of lung cancer caused by asbestos exposure, and that the two disease processes are not "the product of the same chain of causality." (*Goodman v. Mead Johnson & Co.* (3d Cir. 1976), 534 F.2d 566, 574; *cf. Zurich Insurance Co. v. Raymark Industries, Inc.* (1987), 118 Ill. 2d 23, 29-37; *Snyder v. Judar* (1985), 132 Ill. App. 3d 116, 477 N.E.2d 47.) Accordingly, on this record, defendants did not establish as a matter of law that plaintiff's causes of action accrued in 1972 when VaSalle discovered that he was suffering from asbestosis.

Defendants argue that this holding is erroneous because it permits plaintiff to "split" her causes of action. They maintain that plaintiff has but one indivisible claim for all of VaSalle's asbestos-originating diseases, and that VaSalle first discovered his asbestos diseases in 1972. The legal principle upon which defendants' position relies has no application to the facts and issues presented in the case at bar. In the cases relied upon by defendants for the proposition that a plaintiff may not "split" causes of action among several lawsuits (*Reat v. Illinois Central R.R. Co.* (1964), 47 Ill. App. 2d 267, 197 N.E.2d 860; *Melohn v. Ganley* (1951), 344 Ill. App. 316, 100 N.E.2d 780; *Deer v. New York Central R.R. Co.* (7th Cir. 1953), 202 F.2d 625), the plaintiffs attempted tardy recovery for complications arising from obvious physical injuries originally sustained as a result of a single traumatic event. We assume, as we must upon this record, that asbestos-originating lung cancer is not a complication of asbestosis. Furthermore, asbestos-originating diseases are latent, caused by what was originally considered harmless exposure to the irritating agent ultimately leading to

physical harm, and are therefore not the result of a single, traumatic event. See *Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 167, 421 N.E.2d 864; *cf. Zurich Insurance Co. v. Raymark Industries, Inc.* (1987), 118 Ill. 2d 23, 29-37.

Defendants' argument suggests a *per se* rule that any worker who is first diagnosed as suffering from asbestosis, and later learns that he suffers from lung cancer caused by asbestos exposure, is forever barred from tort recovery unless his cause of action is filed within two years of asbestosis discovery. Based upon the principles underlying the Illinois Supreme Court's decision in *Nolan*, we decline to adopt defendants' view. To preclude recovery based upon the statute of limitations under these factual circumstances would afford the plaintiff " 'only a delusive remedy. It would mean that at some past moment in time, unknown and inherently unknowable even in retrospect, [plaintiff] was charged with knowledge of [asbestos-originating lung cancer]; under this view [plaintiff's] failure to diagnose within the applicable statute of limitations a disease whose symptoms had not yet obtruded on his consciousness would constitute waiver of his right to compensation at the ultimate day of discovery and disability.' " *Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 168, 421 N.E.2d 864, 868, quoting *Urie v. Thompson* (1949), 337 U.S. 163, 169, 93 L. Ed. 1282, 1292, 69 S. Ct. 1018, 1024.

Our holding herein is also in accord with the greater weight of authority in other jurisdictions. See, *e.g., Wilson v. Johns-Manville Sales Corp.* (D.C. Cir. 1982), 684 F.2d 111; *Fearson v. Johns-Manville Sales Corp.* (D.D.C. 1981), 525 F. Supp. 671; *Eagle-Picher Industries, Inc. v. Cox* (Fla. App. 1985), 481 So. 2d 517; *Smith v. Bethlehem Steel Corp.* (1985), 303 Md. 213, 492 A.2d 1286; *Pierce v. Johns-Manville Sales Corp.* (1983), 296 Md. 656, 464 A.2d 1020; *Larson v. Johns-Manville Sales Corp.* (1986), 427 Mich. 301, 399 N.E.2d 1; see also *Goodman v. Mead Johnson & Co.* (3d Cir. 1976), 534 F.2d 566; *Martinez-Ferrer v. Richardson-Merrell, Inc.* (1980), 105 Cal. App. 3d 316, 164 Cal. Rptr. 591; *Sheppard v. A.C. & S. Co.* (Del. App. 1985), 498 A.2d 1126; *Devlin v. Johns-Manville Corp.* (1985), 202 N.J. Super. 556, 495 A.2d 495; but see *Ross v. Johns-Manville Corp.* (3d Cir. 1985), 766 F.2d 823; *Joyce v. A.C. & S., Inc.* (4th Cir. 1986), 785 F.2d 1200; *Cathcart v. Keene Industrial Insulation* (1984), 324 Pa. Super. 123, 471 A.2d 493; *cf. Jackson v. Johns-Manville Sales Corp.* (5th Cir. 1986), 781 F.2d 394; *Trimper v. Porter-Hayden* (1985), 305 Md. 31, 501 A.2d 446; *DeCosse v. Armstrong Cork Co.* (Minn. 1982), 319 N.W.2d 45; *LaVelle v. Owens-Corning Fiberglass Co.* (1987), 30 Ohio Misc. 2d 11, 507 N.E.2d 476; *White v. Johns-Manville Corp.* (1985),

103 Wash. 2d 344, 693 P.2d 687.

For the reasons stated, the order of the circuit court is reversed and the cause remanded for further proceedings.

Reversed and remanded.

JOHNSON, J., concurs.

JUSTICE JIGANTI, dissenting:

Although I agree that under Illinois law the statute of limitations in a latent disease case begins to run on the date the injury is discovered, I do not agree that it begins to run anew for each successive injury caused by the same wrongful act. For this reason, I respectfully dissent from the majority opinion.

Illinois law imposes a two-year limitations period on a cause of action for personal injury. (Ill. Rev. Stat. 1985, ch. 110, par. 13—202.) In the case of injuries that develop over a long period of time, such as asbestos-related diseases, the cause of action does not accrue until the plaintiff knows or reasonably should know both of the injury and that it was wrongfully caused. (*Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 169, 421 N.E.2d 864.) However, once the existence of an injury and its wrongful cause are known, the fact that the full extent of the plaintiff's damages is not immediately ascertainable will not toll the limitations period. *Reat v. Illinois Central R.R. Co.* (1964), 47 Ill. App. 2d 267, 271-72, 197 N.E.2d 860; *Deer v. New York Central R.R. Co.* (7th Cir. 1953), 202 F.2d 625, 628; *Aetna Life & Casualty Co. v. Lobianco & Son Co.* (1976), 43 Ill. App. 3d 765, 768, 357 N.E.2d 621, *aff'd* (1977), 69 Ill. 2d 126; *Del Bianco v. American Motorists Insurance Co.* (1979), 73 Ill. App. 3d 743, 747, 392 N.E.2d 120; *Austin v. House of Vision, Inc.* (1968), 101 Ill. App. 2d 251, 256, 243 N.E.2d 297.

In *Reat v. Illinois Central R.R. Co.* (1964), 47 Ill. App. 2d 267, 197 N.E.2d 860, the plaintiff brought a lawsuit against his employer for damages resulting from a 1955 accident which caused an injury to his foot. A doctor took X rays and wrongfully advised the plaintiff that his foot was not damaged. In fact, the foot was fractured, causing the plaintiff to subsequently develop an infection which necessitated amputation of a portion of the leg in 1958. The court held that the plaintiff's cause of action accrued for purposes of the statute of limitations in 1955 when the injury occurred and that no new cause of action arose as a result of the subsequent infection. In support of this conclusion, the *Reat* court cited the Seventh Circuit Court of Appeals

decision in *Deer v. New York Central R.R. Co.* (7th Cir. 1953), 202 F.2d 625. The plaintiff in *Deer* was injured in 1945 when he was struck on the head by a chain hoist. Two months after the accident, his hair began to fall out and he was told by his doctor that his hair nerves were paralyzed. In 1946, the plaintiff began to suffer headaches and seizures, and in 1950 he was advised that he had developed a brain tumor as a result of the accident. The court in *Deer*, interpreting Illinois law, held that the cause of action accrued at the time of the initial injury in 1945 and that no new cause of action arose when the plaintiff subsequently developed a brain tumor. In line with the reasoning of *Reat* and *Deer*, I believe that the instant cause of action accrued, for purposes of the statute of limitations, in 1972 when the plaintiff discovered that he had asbestosis resulting from the defendant's wrongful conduct. At that time, he knew both that he was injured and that the injury was wrongfully caused. (See *Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 169, 421 N.E.2d 864.) Given the above-cited case law, I do not believe that Illinois law can be properly interpreted to allow a personal injury plaintiff in a latent disease case to state a separate cause of action with a separate two-year limitations period for each distinct injury resulting from the same wrongful conduct.