**Donald MERCER, by his mother and next friend, Marie Needs, Appellee,**

v.

**Kenneth A. RIDNOUR et al., Appellants.**

No. 56086.

Supreme Court of Iowa.

May 22, 1974.

Smith, Peterson, Beckman, Willson & Peterson, Council Bluffs, and Sanford A. Turner, Clarinda, for appellants.

Thomas, McGee & Thomas, Glenwood, and J. C. Irvin, Shenandoah, for appellees.

Heard before MOORE, C. J., and MASON, RAWLINGS, REYNOLDSON and HARRIS, JJ.

REYNOLDSON, Justice.

This law action for personal injuries and property damage arose out of a collision

between a motorcycle and a tractor pulling a portable feed grinder. Defendants, operator and owners of the tractor, appeal from judgment based on a jury verdict for plaintiff motorcyclist. We reverse and remand.

For convenience we shall refer to the tractor operator as sole defendant.

September 9, 1970, plaintiff was riding his motorcycle west on a paved Page County highway. He was following an auto occupied by two friends.

Defendant, proceeding in the same direction toward an intersecting driveway, drove his tractor and attached feed grinder almost off the pavement onto the right shoulder to permit traffic to pass. Two autos, including plaintiff's friends' car, passed. Defendant then turned left toward the driveway. When his unit was extended at right angles across the pavement plaintiff's motorcycle struck the grinder.

The issues defendant raises all relate to jury instructions.

I. In instruction 7 trial court instructed the jury " * * * that both a 'motorcycle' and a 'farm tractor' are considered under the law to be 'motor vehicles' and are governed by the same laws as would govern the operation of an automobile."

In the course of testimony plaintiff developed through examination of defendant and a highway patrolman the tractor had no turn signals or brake lights. Although § 321.383, The Code, now requires tractors to have a reflective device visible from the rear, this collision antedates enactment of that statute. These parties agree there was no requirement tractors be equipped with turn signals or brake lights.

Defendant, objecting to the instruction, requested that it be prefaced with the phrase "or except as otherwise set forth herein," pointing out equipment requirements for tractors and automobiles differ and the instruction as worded " * * * would permit the jury to speculate as to whether the tractor should have had turn signals, and so forth * * *."

Instruction 10 informed the jury if defendant failed to give a hand and arm signal it would constitute negligence.

Defendant relies on our cases holding error may be committed when instructions lack specificity and are merely abstract statements of law, citing Teeling v. Heles, 195 N.W.2d 704, 708 (Iowa 1972); Gibbs v. Wilmeth, 261 Iowa 1015, 1021–1023, 157 N.W.2d 93, 97–98 (1968); Hartford Fire Insurance Company v. Lefler, 257 Iowa 796, 803–804, 135 N.W.2d 88, 92 (1965).

Plaintiff argues the instruction was clearly limited to the operation of a motor vehicle, not equipment requirements, and that the instructions, read together, correct any confusion caused by instruction 7. See McCarthy v. J. P. Cullen & Son Corp., 199 N.W.2d 362, 368 (Iowa 1972); Rosenau v. City of Estherville, 199 N.W.2d 125, 134 (Iowa 1972).

We are not as confident as plaintiff the jury could draw the "operation" distinction he finds in instruction 7, especially where, as here, the lack of turn and stop devices had been emphasized in course of testimony. The instruction would have been aided by the introductory phrase incorporated in defendant's objection.

Because of our holding in the next division, however, we need not determine whether this issue, standing alone, would require a reversal. Upon re-trial, defendant's objection can be obviated.

II. Instruction 9 was the uniform instruction relating to negligence in stopping on the traveled portion of the highway. Instruction 11 was the uniform instruction relating to negligence in starting from a stopped position. Each theory was included in the specifications of negligence incorporated in the petition.

Defendant objected to both instructions on the ground there was no evidence his tractor ever stopped. The objections were overruled. Defendant claims this ruling was erroneous.

■ A trial court may submit issues presented by the pleadings only when there is substantial evidence to support them. Porter v. Iowa Power and Light Company et al., 217 N.W.2d 221 (Iowa 1974); Dobson to Jewell, 189 N.W.2d 547, 553 (Iowa 1971).

■ Plaintiff testified he was following his friends in the auto at a distance of a city block or half-city block, traveling approximately 45 to 50 miles per hour. On one occasion on his direct examination, and again on cross-examination, he testified he did not know whether the tractor was stopped or not. After he described how his friends' car had pulled out to pass the tractor, plaintiff was asked, "How was the tractor sitting on the road? Would you explain to the Jury as best you can in your own words?" Plaintiff replied, "He was mostly on the shoulder. He had one wheel on the pavement still." This answer was the only evidence relied on by plaintiff as proof defendant had stopped his unit.

Defendant testified he was moving very slowly, as did plaintiff's friend, Benjamin Thomas.

We believe plaintiff's response to his attorney's leading inquiry, interpreted in the context of the preceding questions, did not provide the "substantial evidence" necessary to justify instructions 9 and 11 relating to a stopped vehicle. Translated in light of his other responses, it is apparent plaintiff was referring to the position of the tractor with respect to the paved roadway, not with respect to its forward movement.

Under this record, we hold it was reversible error to submit instructions 9 and 11.

III. Defendant asserts there was insufficient evidence to warrant submission of future pain and suffering in instruction 18. The issue was properly preserved by appropriate objection below.

Relied on by defendant in support of this issue is our rule there can be no recovery for future pain and suffering unless reasonably certain to result from the injury. Smith v. Pine, 234 Iowa 256, 260–261, 12 N.W.2d 236, 240 (1943); see Tucker v. Tolerton & Warfield Co., 249 Iowa 405, 412, 86 N.W.2d 822, 827 (1957).

Plaintiff's expert, Dr. Burney, testified surgery would be required to fuse ankle and foot joints which were painful on motion. On cross-examination he was asked the following question to which he made the following response:

"Q. And in your opinion it is likely that this surgery will remove that cause of pain he is having at this time? A. Yes."

Defendant grounds his complaint to instruction 18 on this segment of testimony.

We are not persuaded Dr. Burney's response to the carefully limited inquiry will sustain the result defendant claims for it.

The same doctor testified, "I know that he will require surgical procedure in his left ankle to stabilize the ankle, foot * * *. This type of surgery requires three months of cast fixation, usually requires six or seven days of hospitalization." This witness further testified plaintiff's walking would be restricted, there would be less than normal circulation in the foot and that this "may cause him some problem as far as swelling of the foot and ankle with prolonged standing or walking." A different medical expert evaluated plaintiff's permanent disability as 57 percent of the left leg and 23 percent total disability.

Plaintiff testified he was able to do a small amount of farm labor driving a tractor but "It was kind of rough out in the

**628**

field because, well, whenever I hit my foot it hurts quite a bit."

We hold there was sufficient evidence of plaintiff's future pain and discomfort to justify submission of instruction 18. See Mabrier v. A. M. Servicing Corporation of Raytown, 161 N.W.2d 180, 183 (Iowa 1968); Kaltenheuser v. Sesker, 255 Iowa 110, 116–119, 121 N.W.2d 672, 677–678 (1963); Arenson v. Butterworth, 243 Iowa 880, 889–891, 54 N.W.2d 557, 562–563 (1952).

IV. We parenthetically observe this case was well and concisely briefed by both parties, with the exceptions here noted. The first stated issue in plaintiff's brief failed to indicate which cited cases were believed to be most pertinent and convincing. Rule 344(a)(2), Rules of Civil Procedure. This brief referred to the record almost exclusively by using the transcript instead of the appendix. See rule 344(g), R.C.P. All justices have immediate available access to the appendix. This is not true of the transcript. Factual matters important enough to be referred to in a brief comprising only ten pages ordinarily should be incorporated in the appendix by proper designation and references in the brief then should be keyed to the appendix. See rule 344.1(b), R.C.P.

The appendix prepared by defendants does not conform to the chronology indicated by rule 344.1(a) and rule 344.1(d), R.C.P., nor are asterisks used to indicate omissions in the text of the transcript incorporated in the appendix. A consistent chronological order in appendices assists members of the court in quickly turning to a portion sought. Asterisks to denote omitted materials assist the reader in making transitions and in determining where matter referred to terminates.

Conformance in these matters will assist the court in reducing its backlog of cases.

Because of our holding in division II, this case is reversed and remanded for new trial.

Reversed and remanded.