■ ALAN B. REIS et al., and All Others Similarly Situated, Respondents, v CLUB MED, INC., et al., Appellants. — (Appeal No. 10514.) Appeal from order, Supreme Court, New York County, entered July 22, 1980, unanimously dismissed, without costs. (Appeals Nos. 10515 and 10516.) Order, Supreme Court, New York County, entered November 3, 1980, reversed, on the law, and the motion for certification as a class action (CPLR art 9) denied, without costs; order of the same court, entered December 10, 1980, purporting to amend the aforesaid order by expansion of the class certified thereby, reversed, on the law, and the motion for such relief denied, without costs or disbursements. The first order addressed herein imposed sanctions on defendants-appellants for failure to respond to interrogatories. Compliance has since taken place, and that portion of defendants' appeal has thus been mooted. This is a "not-as-promised vacation" case, varying somewhat from the usual run of charges of inferior accommodation and service. The suit is basically for personal injuries, namely gastrointestinal disturbances allegedly caused to plaintiffs by the food supplied them while on vacation at a resort in the Bahamas under defendants' auspices. The November order set up a class of those guests who had been at the resort from April through December, 1979; the amendment purported to include in the class all guests within that time frame "presently known (or subsequently become *[sic]* known) to have become ill with gastrointestinal disturbances."[*] To begin

* This having been the extent of the amendment, the later order would fall should the earlier order which it amends be found infirm.

with, this is a class, relatively few of which are New Yorkers, not capable at this juncture of precise ascertainment. While provision is made for outlanders to opt into the suit, dependence on individual unforeseeable action, which may or may not be taken later by the majority of members of the class, does not bode well for the suit's efficient management or control. By its decision, Special Term appeared to have adopted as an unwarranted factual finding the claim of plaintiffs that the food supplied by defendants must have been the single cause of all the gastrointestinal distress suffered because the facility used was "a totally isolated hotel, far removed from other populated parts of the island." Access by patrons to other parts of the island was not completely eliminated, it seems, for rental car service was prominently advertised in defendants' brochure. Further, the local health authority, after investigation, literally gave defendants' facility a clean bill of health. And, at this point in the litigation, there is a long way to go before the issue of complete isolation (cf. *Hernandez v Motor Vessel Skyward,* 61 FRD 558, affd 507 F2d 1278) may be resolved. What is important to the pending question of class certification is that there are also indicated issues of fact which may very well not be the same from individual to individual: illness deriving from ingestion of food is notoriously dependent on idiosyncratic reactions to varied stimuli, including, e.g., physical condition, fatigue, psychological response to unfamiliar items, unknown presence of spices and other ingredients, as well as food allergies, emotional factors present at mealtime, the time, place and method of service, the absence or presence of proper refrigeration, etc., almost ad infinitum. This situation is different from the cases involving accommodations and services, much less difficult to establish for a class. (See, as prototype, *King v Club Med,* 76 AD2d 123.) This is highlighted by the simple fact that not all those who purportedly suffered ill effects from food did so at the same time, underscored by the very motion for an amended order. The only fact truly common to each guest's case is that all members of the proposed class were at one resort at some time during a nine-month period, and became ill. To endeavor, in the presence of all these variations, to solve the problem by possible establishment of subclasses would present a task impossible of accomplishment, and much too onerous to allow of processing all the cases as one. We hold that, as presented, this is not a case for class certification. (See *Rosenfeld v Robins Co.,* 63 AD2d 11.) Concur — Murphy, P. J., Sullivan, Markewich and Lynch, JJ.

Kupferman, J., dissents in part with respect to Appeal Nos. 10515 and 10516 in a memorandum as follows: I cannot agree with the visceral reaction in the majority memorandum denying class certification. While some limitation is necessary in this matter, the majority would to all intents and purposes deny the opportunity for class consideration under CPLR article 9. (See Class Action, a new remedy for travelers, by Thomas A. Dickerson, Case & Comment, Sept.-Oct., 1980, V 85 No. 5, p 3; New York State Law Digest edited by Professor David D. Siegel, No. 255, March, 1981, "Second Department Reviews Negative Judicial Attitude Towards Class Action", which discusses *Friar v Vanguard Holding Corp.* [78 AD2d 83], and the First Department case of *King v Club Med* [76 AD2d 123].) While the class might appropriately be restricted to the period when the two lead plaintiffs vacationed at the resort between November 3 and November 10, 1979, and possibly also restricted to New Yorkers or those arranging their accommodations through New York, to deny all possibility of class certification is to deny an effective remedy.