■ Lou Yollin, on Behalf of Himself and All Others Similarly Situated, Appellant, v Holland America Cruises, Inc., et al., Respondents. — Order, Supreme Court, New York County (Kristin Booth Glen, J.), entered May 12, 1983, which denied plaintiff's motions for class action certification and to dismiss as a matter of law defendants' third, fifth, seventh and eighth affirmative defenses, and granted defendants' cross motion to post a nonresident's security bond for costs, modified, on the law and the facts, to dismiss the seventh affirmative defense as moot, and otherwise affirmed, without costs. Plaintiff, a Pennsylvania resident, commenced this action on behalf of himself and the other 904 passengers who contracted with defendant Holland America Cruises, Inc., as agent for defendant Holland America Cruises, N. V. (both hereinafter referred to collectively as defendant for convenience) for an 11-day cruise aboard the S. S. Rotterdam departing from New York on April 27 and returning May 8, 1981. The itinerary included stopovers at ports in San Juan, Puerto Rico, on May 1 (18 hours); Charlotte Amalie, St. Thomas, on May 2 (10 hours); St. John's, Antigua, on May 3 (11 hours); and Hamilton, Bermuda, on May 6 (9 hours). Plaintiff's amended complaint sets forth several causes of action alleging fraud, breach of contract, negligence and false advertising based on a purported absence of shopping opportunities at St. Thomas and Antigua as featured in defendant's cruise brochure, and defendant's substitution of St. Maarten, Netherlands Antilles for Hamilton, Bermuda, after the cruise had begun. The reason for this change in itinerary, according to sworn and supporting documentary evidence submitted by defendant, was the sudden and drastic escalation of a limited "blue-collar" strike in Bermuda into a general wildcat strike, including dock workers, taxi and bus drivers, hotel and construction workers, hospital staffs, ferry and tugboat crews, and other workers involved in essential services needed to assure the safety and convenience of the Rotterdam's passengers in Bermuda. The Bermuda government activated the Bermuda Regiment and Reserve Police Constabulary on April 30, and cruise ships canceled Bermuda commencing May 4, 1981, just two days before the Rotterdam was scheduled to arrive at the Hamilton port. Under the circumstances presented we agree that class action certification was properly denied, but for reasons different in one respect from those specified by the court below. Special Term relied primarily upon clause 9 of the cruise contract which requires, insofar as herein relevant, that no suit shall be maintainable against the defendant "unless suit is commenced not later than six (6) months after the claim arose". Since it was undisputed that only plaintiff had commenced an action against the defendant, Special Term found that all the other passengers were time barred from commencing an action against defendant, and they were likewise precluded from membership in the proposed class action. Accordingly, the court held that the numerosity requirement of CPLR 901 (subd a, par 1) could not be satisfied. We disagree with Special Term's rationale, and hold that the timely commencement of the action by plaintiff herein satisfied the purpose of the contractual limitation period as to all persons who might subsequently participate in the suit as members of a class. (See American Pipe & Constr. Co. v Utah, 414 US 538, 551.) We find unpersuasive the proposition that in order to be eligible to participate in the proposed class, each of the more than 900 passengers would have had to commence an action within six

months. The resulting court congestion, wasted paperwork and expense, and exclusion from the class of persons who might have valid claims but did not sue only because of the small amount of individual potential recoveries, are among the very undesirable consequences that class action procedure was designed to eliminate. Nevertheless, we affirm the denial of class action certification upon different grounds. This court has earlier observed that in determining whether an action should proceed as a class action, the courts may consider, in addition to the factors enumerated in CPLR 902, the merits of the action, with a view toward eliminating spurious and sham suits as early as possible. (*Seligman v Guardian Life Ins. Co.,* 59 AD2d 859, 860, mot for lv to app dsmd 44 NY2d 646; see, also, Twentieth Ann Report of NY Judicial Conference, 1975, p 208: "The list [of relevant factors in CPLR 902] is non-exhaustive. For example, the apparent merits of the claims asserted may have a bearing on the court's determination.") When the factors listed in CPLR 902 are evaluated together with the apparent lack of merit of the claims asserted, the inappropriateness of the action for class action certification seems to us quite clear. The alleged "promises" in defendant's brochure of shopping opportunities in Antigua are nonexistent, and in St. Thomas shopping is mentioned as only one of numerous other attractions. That it was "Carnival Day" in St. Thomas on the date the *Rotterdam* entered that port may in fact have provided an opportunity to enjoy unusual festivities not mentioned in the brochure for many passengers who enjoy such activities. The mere possibility that some passengers, like plaintiff, may have preferred a quiet day of shopping to the festivities of Carnival Day, would be an insufficient basis for bringing a class action. Were class action certification to be granted upon such flimsy allegations, then every cruise or vacation tour would provide the basis for a class action upon a single passenger's dissatisfaction with any deviation, no matter how trivial, from an intended itinerary and its full complement of possible attractions. Fully appreciating the value of the class action procedure in appropriate cases, and the clear legislative purpose in CPLR article 9 to override some existing restrictions on its use, we doubt that article 9 was intended to produce such a dubious result. We further note the likelihood that the proposed class action would ultimately break down into many minitrials requiring the personal appearance and testimony of each class member to determine the relative importance of the alleged lost shopping opportunities and the damages flowing to each member of the class. We are therefore not persuaded that "there are questions of law or fact common to the class which predominate over any questions affecting only individual members". (CPLR 901, subd a, par 2; see *Reis v Club Med,* 81 AD2d 793; *Cornell Univ. v Dickerson,* 100 Misc 2d 198, 203.) With regard to the substitution of St. Maarten for Bermuda, the record is persuasive that defendant's actions were reasonable and prudent, and taken in the best interests of the passengers. The issue here is not whether the conditions in Bermuda were actually as reported, but rather whether the reports received by defendant were reasonably evaluated at the time in question to warrant a conclusion that the safety and convenience of the *Rotterdam*'s passengers would be enhanced by a change in itinerary to eliminate a potential trouble spot. On this record there appears no reason to doubt the defendant's good faith in canceling Bermuda based on the information provided to it; nor does plaintiff suggest a possible improper motive for this change in itinerary. Moreover, with respect to defendant's alleged liability in this regard, clause 7 of the cruise contract states: "If at any stage of the voyage the Master considers that the vessel should not, for any reason whatever, proceed in the ordinary course, the Shipowner shall have the liberty to change the itinerary". We do not by any means imply that a shipowner or master may pursuant to such a provision change the itinerary of a cruise arbitrarily to the

detriment of the ship's passengers, but rather confirm the long existing maritime rule that "The good faith of the master and his reasonable exercise of discretion must be considered and determined in the light of the facts in each particular case." (*The Styria v Morgan,* 186 US 1, 9.) We perceive in this record no apparent basis for finding that the defendant acted otherwise than in good faith and upon the reasonable exercise of discretion with regard to the itinerary change. For the reasons stated above we affirm that portion of Special Term's order denying certification as a class action, and modify only to the extent of dismissing as moot defendants' seventh affirmative defense — the six-month contractual time bar for the commencement of suit. Concur — Kupferman, J. P., Sandler, Asch, Bloom and Alexander, JJ.