OPINION OF THE COURT
Helen E. Freedman, J.
Plaintiff moves for an order pursuant to CPLR 902 certify *354 ing the above matter as a class action. Defendants Turner & Newall, PLC., National Gypsum Company, the Celotex Corporation, Keene Corporation, GAP Corporation, A.P. Green Refractories Co., Owens-Corning Fiberglass Corporation, Owens-Illinois, Inc., Eagle-Picher Industries, Inc., Acands, Inc., and Pittsburgh Corning Corporation (all members of the Asbestos Claims Facility) move and the remaining defendants cross-move to dismiss this class action complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7). The motion to certify the matter as a class action was stayed pending resolution of defendants’ motions to dismiss.
This action was commenced on behalf of a class of persons who alleged that they sustained minor injuries due to exposure to asbestos but who, with the exception of the three named plaintiffs, did not bring actions before the expiration of the one-year period for revival of otherwise time-barred claims (L 1986, ch 682, § 4). Such claims would be time barred if brought individually. The members of the class were aware of their injuries, according to the complaint, and either chose not to institute suit prior to the end of the revival period (July 30, 1987) for what they regard as minor injuries or were unable to retain counsel due to the size of their claims.
The purpose of the action is to preserve the Statute of Limitations for those persons exposed to absestos should they develop future serious injuries. Although the proposed class members had a right to initiate suit for existing injuries, they have chosen not to do so. Rather, they seek to "waive any claim for the conditions of which they are presently aware and make claims for conditions which may one day arise should it be determined that they have sustained an injury which in their opinion is a serious one”. While the complaint alleges that the members of the proposed class discovered their injuries prior to July 1, 1986 and may therefore not rely on the new discovery based Statute of Limitations, it is noted that the three named plaintiffs indicate that their injuries were discovered in late 1986 and in 1987 and therefore may be eligible to bring actions pursuant to CPLR 214-c.
The very same issue has been addressed with respect to DES, another of the toxic substances specified in the revival statute. (Soberman v Lilly & Co., NYLJ, Mar. 22, 1988, at 13, col 1 [Sup Ct, NY County, Gammerman, J.].) In a well-reasoned decision the court found that: "Although the legislative scheme may work an injustice under these circumstances it would be improper to judicially extend the one year period set *355 by the legislature. If there is to be an extension, it must be created by statute. The apparent timely commencement of the purported class action may not serve to toll the one year revival period for individual members of the class in the absence of present claims and injuries for which recovery is sought (see American Pipe & Constr. Co. v. Utah, 414 US 538; Yollin v. Holland America Cruises, Inc., 97 A.D.2d 720).” (Supra, at 13, col 2.)
Plaintiffs suggest, alternatively, that New York adopt a "two-injury rule”, which would allow a plaintiff to forego a suit for trivial injury now and preserve the right to sue if a more serious injury develops in the future. Under this theory a plaintiff with asbestosis could forego a claim for asbestosis and then bring suit when a mesothelioma develops. Although this enlightened concept has been recognized in other jurisdictions (see, Jackson v Johns-Manville Sales Corp., 727 F2d 506 [5h Cir 1984]; Blakey v Superior Ct., 153 Cal App 3d 101, 200 Cal Rptr 52 [1984]; Wilson v Johns-Manville Sales Corp., 684 F2d 111 [DC Cir 1982]), New York has not yet adopted it. In addition, the argument is premature, since the adoption of a "two-injury” rule would be a judicial extension of CPLR 214-c, the discovery based Statute of Limitations.
Accordingly, the motion and cross motions to dismiss the complaint, including all derivative claims, are granted, and the motion for class certification is denied as moot.