SALVATORE J. CAMPO et al., on Behalf of Themselves and All Others Similarly Situated, Appellants, v ASBESTOSPRAY CORPORATION et al., Defendants, and TURNER & NEWALL, PLC., et al., Respondents.

Plaintiffs herein have suffered minor injuries as a result of decades-long exposure to asbestos in their employment. However, in bringing this action, they do *not* seek damages for their injuries to date, but rather to preserve the right to timely sue with respect to more serious injuries, such as severe asbestosis or mesothelioma, they and others similarly situated may develop in the future.

Before the passage of the Toxic Tort Revival Law (L 1986, ch 682), plaintiffs injured by long exposure to chemicals or toxic substances were bound by the three-year Statute of Limitations of CPLR 214, which began to run from the inception of the negligence, i.e., perhaps the first exposure. Consequently, many persons who were unaware of the damage done to them by exposure to these toxic substances were barred from commencing actions, even though they first became aware of illness or injury at a time after the expiration of the period of limitations. To ameliorate this inequitable situation, the Legislature provided that these causes of action would be "revived" for a period of one year: "[E]very action for personal

injury, injury to property or death caused by the latent effects of exposure to diethylstilbestrol, tungsten-carbide, asbestos, chlordane or polyvinylchloride upon or within the body or upon or within property which is barred as of the effective date of this act or which was dismissed prior to the effective date of this act solely because the applicable period of limitations has or had expired is hereby revived and an action thereon may be commenced provided such action is commenced within one year from the effective date of this act" (L 1986, ch 682, § 4).

The "effective date" of the act is July 30, 1986. Thus, all persons injured by asbestos and the other enumerated toxic substances whose actions had been barred by the Statute of Limitations, or even whose actions had previously been dismissed solely because of the Statute of Limitations, now had until July 30, 1987 to bring actions for their injuries.

The named plaintiffs brought this action *before* that cutoff date. However, they disclaim any intent to recover for the minor injuries they presently suffer (i.e., pleural plaque, irregular opacities, pleural fibrosis and intrastrual lung markings), but to preserve the right to timely sue with respect to more serious injuries they and others similarly situated develop in the future. Defendants moved to dismiss the complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7). The Supreme Court granted these motions and denied plaintiffs' motion for class certification as moot.

Reiterating, plaintiffs do not seek relief for any present injuries, but only for injuries which have not yet been manifest. While plaintiffs argue that this court should adopt a "two-injury" rule, permitting the ordinary Statute of Limitations to run from the time the serious injury develops, not from the time of manifestation of the minor injury *(see, Wilson v Johns-Manville Sales Corp.,* 684 F2d 111; *Ayers v Township of Jackson,* 106 NJ 557, 525 A2d 287), since none of them (named plaintiffs or members of the putative class) has yet to suffer a serious injury, what they actually seek is an advisory opinion from this court about an event which may never come to pass *(New York Pub. Interest Research Group v Carey,* 42 NY2d 527).

Defendants correctly assert that the one-year revival statute is not merely a Statute of Limitations, but a condition precedent which cannot be tolled *(see, Singer v Lilly & Co.,* 153 AD2d 210). However, we note, parenthetically, that a member of the putative class herein who subsequently develops a

serious illness from exposure to asbestos may not be within the strict limitations of the revival statute, but may be able to bring an action pursuant to CPLR 214-c. Thus, that statute now computes the three-year period "from the date of discovery *of the injury* by the plaintiff" (CPLR 214-c [2]; emphasis added). Likewise, in subdivision (6) (b), it provides, *inter alia,* that it is not applicable to any act which occurred prior to July 1, 1986 and "which caused or contributed to *an injury* that either was discovered or through the exercise of reasonable diligence should have been discovered prior to such date" (emphasis added). We leave for future determination whether this language refers to the discovery at a later date, by plaintiffs, of a subsequent serious injury. Concur—Kupferman, J. P., Ross, Asch, Kassal and Rosenberger, JJ. *[See,* 139 Misc 2d 353.]