Greenstein v Danzy (2022 NY Slip Op 06232)

Greenstein v Danzy

2022 NY Slip Op 06232

Decided on November 9, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2021-03504
 (Index No. 513053/20)

[*1]Michael Greenstein, appellant, 
v
Ronel Danzy, respondent.

Thomas D. Wilson, P.C., Brooklyn, NY, for appellant.
Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Samantha B. Lansky of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries and injury to property, the plaintiff appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated March 19, 2021. The order, insofar as appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On November 9, 2019, the plaintiff allegedly was stopped in his vehicle at a red light facing northbound on Williams Street at its intersection with Front Street in Hempstead. A vehicle owned by nonparty Imiria Ladson, while making a left turn from Front Street onto Williams Street traveling southbound, collided with a vehicle owned by nonparty Guanaco Taxi Corp. and operated by nonparty Josue Hernandez. Ladson's vehicle then made contact with the plaintiff's vehicle.
The plaintiff commenced an action to recover damages for personal injuries and injury to property against Ladson, Guanaco Taxi Corp., and Hernandez. The parties reached a settlement agreement and the action was discontinued.
The plaintiff subsequently commenced this action to recover damages for personal injuries and injury to property against the defendant. The plaintiff alleged that the defendant was the operator of Ladson's vehicle at the time of the accident. The defendant moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint. In an order dated March 19, 2021, the Supreme Court, among other things, granted that branch of the motion. The plaintiff appeals, and we affirm.
"A motion to dismiss a complaint based upon documentary evidence may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Anderson v Armentano, 139 AD3d 769, 770 [internal quotation marks omitted]; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). "On a motion to dismiss [a] complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Breytman v [*2]Olinville Realty, LLC, 54 AD3d 703, 703-704; see Leon v Martinez, 84 NY2d 83, 87). Where a defendant has submitted evidentiary material in support of a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), "the criterion is whether the [plaintiff] has a cause of action, not whether he [or she] has stated one, and, unless it has been shown that a material fact as claimed by the [plaintiff] to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it . . . dismissal should not eventuate" (Guggenheimer v Ginzburg, 43 NY2d 268, 275). Here, the documentary evidence submitted by the defendant conclusively established that he was not the operator of Ladson's vehicle when the accident occurred.
Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the complaint.
DUFFY, J.P., MALTESE, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court