Willis v Genting N.Y. LLC (2024 NY Slip Op 50259(U))

[*1]

Willis v Genting N.Y. LLC

2024 NY Slip Op 50259(U)

Decided on March 12, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 12, 2024
Supreme Court, Kings County

Teretta Willis, individually and on behalf of all others similarly situated, Plaintiffs,

against
Genting New York LLC, Defendant.

Index No. 527951/2022

Sheehan & Associates P.C., Great Neck (Katherine Lalor of counsel), for Plaintiff.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York City (Ying Hua Huang of counsel), for Defendant.

Aaron D. Maslow, J.

The following numbered papers filed on NYSCEF were used on this motion:
Submitted by Defendant
Document No. 4: Notice of Motion
Document No. 5: Affirmation of Benjamin D. Greenfield in Support
Document No. 6: Statement of Material Facts
Document No. 7: Memorandum of Law in Support ("Defendant's mem law")
Document No. 8: Exhibit A — Summons & Complaint
Document No. 9: Exhibit B — Stipulation Extending Time to File Motion
Document No. 10: Exhibit C — Affidavit of Jennifer Addonisio in Support ("Addonisio aff")
Document No. 11: Exhibit D — City Register Cover Page
Document No. 12: Exhibit E — Memorandum of Understanding Between NYS & Defendant
Document No. 13: Exhibit F — Photo of Front of Cashout Ticket ("Defendant's Exhibit F cashout ticket")
Document No. 14: Exhibit G — Photo of Kiosk Receipt ("Defendant's Exhibit G kiosk receipt")
Document No. 15: Exhibit H — Photo of Reverse Side of Ticket
Document No. 16: Exhibit I — Photos of Cashier Cages ("Defendant's Exhibit I photos")
Document No. 17: Request for Judicial Intervention
Submitted by Plaintiff
Document No. 19: Memorandum of Law in Opposition ("Plaintiff's mem law")
Document No. 20: Exhibit A — Photos of Tickets ("Plaintiff's Exhibit A tickets")
Document No. 21: Exhibit B — Defendant's Affirmation of Benjamin D. Greenfield in Support
Document No. 22: Exhibit C — Defendant's Statement of Material Facts
Document No. 23: Exhibit D — Defendant's Photo of Kiosk Receipt
Submitted by Defendant
Document No. 25: Reply Affirmation of Benjamin D. Greenfield in Support
Document No. 26: Supplemental Affidavit of Jennifer Addonisio in Reply ("Addonisio supp aff")
Background
Defendant Genting New York LLC moves to dismiss this putative class action commenced by Plaintiff Teretta Wallis. Plaintiff's class action [FN1]
stems from vouchers [FN2]
 emitted from Defendant's redemption kiosks, located at Resorts World Casino in the County of Queens, New York State. A majority of Defendant's kiosks, located throughout the casino, could only dispense whole dollars to customers. If a voucher had a cent value (under one dollar), the customer would be unable to receive the amount instantly, and would need to visit a cashier to redeem the remaining monetary value in coins. (See generally NYSCEF Doc No. 8, complaint.) However, Plaintiff alleges that Defendant did not provide adequate instructions or signage to inform casino players as to where to redeem the vouchers' cent values, thus resulting in a situation where "Most of these 'cash out' tickets for coins are never redeemed" (id. ¶ 15). Plaintiff asserts malintent on the part of Defendant, essentially maintaining that the kiosks' inability to produce coins acts as an inducement scheme and, consequently, "lures customers to make more wagers" until any successive wins made with a customer's additional funds are lost to the casino (id. ¶ 16; see NYSCEF Doc No. 19, Plaintiff's mem law at 2).
Here, Plaintiff alleges she lost an undisclosed amount of cents after she cashed out at the Resorts World Casino. While cashing out, Plaintiff received a voucher from the kiosk, which failed to pay the entire amount to which she was entitled. Plaintiff only received at a kiosk the whole dollar amount owed to her. Since Plaintiff was also owed an amount less than a dollar, the kiosk issued her a voucher which listed said amount in cents. While all kiosks were equipped to dispense coins, only six out of 57 were dispensing coins at the time of Plaintiff's visit to the casino. Defendant asserts that a majority of the kiosks were coinless due to the national coin shortage brought on by the COVID-19 pandemic. If an individual went to one of the coinless kiosks, their options were to donate remaining funds (in cents) to charity or to redeem the voucher for the money owed as gambling credit or for monetary value at a cashier. Alternatively, [*2]the patron could throw the voucher away and receive no credit. Plaintiff argues that the instructions on the kiosk receipts were unclear and there was no signage which could direct the patron's next steps after receiving the voucher from the kiosk. Due to the allegedly unclear instructions, Plaintiff, as a casino patron, did not redeem her vouchers, and consequently lost money she believes she is entitled to. (See generally NYSCEF Doc No. 8, complaint; NYSCEF Doc No. 10, Addonisio aff.)

Movant Defendant's Arguments

Defendant's argument is that a motion to dismiss is justified as their defense is built upon documentary evidence pursuant to CPLR 3211 (a) (1) and, as a matter of law, Plaintiff's complaint should be dismissed pursuant to CPLR 3211 (a) (7) for failing to state a cause of action (see NYSCEF Doc No. 7, Defendant's mem law at 3-4). 
Defendant first contends that Plaintiff has failed to state a claim pursuant to General Business Law § 349 and § 350 (hereinafter "GBL § 349," "GBL § 350"). GBL § 349 provides in pertinent part:
§ 349. Deceptive acts and practices unlawful
(a) Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.
. . .
(h) In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff.
GBL § 350 provides: "False advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful."
Defendant argues that their conduct was not deceptive, asserting that any claim under GBL §349 or §350 fails on its face as Plaintiff cannot prove the following requisites to state a cause of action: "(1) the defendant has engaged in 'consumer-oriented' conduct[;] (2) that conduct was deceptive and materially misleading; and (3) the plaintiff suffered injury as a result (Plavin v. Group Health Inc., 35 NY3d 1, 9 (2020)" (Defendant's mem law at 4). That Plaintiff accuses Defendant of retaining the change owed to patrons is "disingenuous," maintains Defendant, as Plaintiff had an opportunity to redeem the vouchers for their monetary value, to redeem the vouchers at the slot machines, or to throw the vouchers away. The complaint does not allege a lack of instructions, and Defendant asserts that Plaintiff chose to use the voucher on slot machines or discard it as she "didn't care about the loose change" (NYSCEF Doc No. 7, Defendant's mem law at 5, citing NYSCEF Doc No. 8, complaint ¶ 29). Therefore, Defendant asserts that Plaintiff has failed to prove that Defendant's conduct can be sufficiently characterized as deceptive and materially misleading.
Defendant then moves on to Plaintiff's claim that Defendant retains the under-one dollar amounts not returned by the cashout kiosks. When a patron finished using the slot machines and cashed out at a kiosk, the kiosk dispensed whole dollars and a "Kiosk Receipt, which informed [*3]the patron of the cents amount under a dollar owed, if any. These kiosk receipts displayed the cents amount not dispensed and contained a message in bold font that they could be taken to a cashier. (See NYSCEF Doc No. 7, Defendant's mem law at 5-6, citing NYSCEF Doc No. 14, Defendant's Exhibit G kiosk receipt.) According to Defendant, the cashier cages were conspicuously located throughout the casino floor (see NYSCEF Doc No. 7, Defendant's mem law at 5-6). Some of them are depicted in NYSCEF Doc No. 16, Defendant's Exhibit I photos; this exhibit shows conspicuous CASHIER signs on the walls and multiple cashier windows (see id.).
Additionally, Defendant emphasizes that there are two types of vouchers available to the customer. The first voucher is an ordinary cashout ticket issued by a slot machine, showing the dollars and cents amount owed (see NYSCEF Doc No. 13, Defendant's Exhibit F cashout ticket). The other voucher was a kiosk receipt (see NYSCEF Doc No. 14, Defendant's Exhibit G kiosk receipt). These kiosk receipts contained a clarifying instruction that instructed the customer to redeem their ticket at a cashier. "Accordingly, Genting clearly provided instructions on the kiosk receipt how to redeem the balance of change owed" (NYSCEF Doc No. 7, Defendant's mem law at 6).
If the kiosk receipts were abandoned, the funds which the receipts represented were turned over to the 106th Precinct of the New York City Police Department. Therefore, Defendant does not make a profit from the abandonment of customers' kiosk receipts. For all these reasons, Defendant argues that "deceptive conduct" never occurred and Plaintiff's first cause of action should be dismissed pursuant to CPLR 3211 (a) (1) and (7).
Defendant adverts to the system it used having been authorized by the New York State Gaming Commission (see NYSCEF Doc No. 10, Addonisio aff ¶ 8).
Defendant refutes Plaintiff's second cause of action, a breach of contract allegation. Defendant denies any direct or indirect breach. Furthering the argument, Defendant cites Plaintiff's complaint, which does not dispute that she could have redeemed the total amount due to her by cashing out at a kiosk and then the remainder cents at a cashier cage, or cashing out everything (dollars and cents) at a cashier cage. Defendant also claims there was no misunderstanding concerning using the kiosk receipt since the instructions on the ticket were bold and clear. Therefore, Defendant asserts that no breach occurred as any implied contract to redeem the voucher was upheld by Defendant. Plaintiff should have tendered the kiosk receipt to a cashier to receive her change (under a dollar). Hence, no harm occurred as the decision to play the value on the receipt, with additional added funds, or to throw away the voucher would not rise to the level of "loss" or "damage." Moreover, Plaintiff failed to state the monetary sum she lost due to the decision to throw away receipts or to continue gambling with the receipts' change amount. Since the harm element is unclear in the second cause of action, Defendant asserts that the breach of contract claim should also be dismissed. (See NYSCEF Doc No. 7, Defendant's mem law at 6-7.)
Defendant also maintains that the conversion claim should be dismissed as Plaintiff chose, through her own volition, to use the kiosk receipt to continue gambling or throw the voucher in the trash. Defendant then cites Pappas v Tzolis, a Court of Appeals decision, which lays down two requirements for a conversion action: "(1) plaintiff's possessory right or interest in the property and (2) defendant's dominion over the property or interference with it, in derogation of plaintiff's rights" (Pappas v Tzolis, 20 NY3d 228, 234 [2012], cited in NYSCEF Doc No. 7, Defendant's mem law at 8).
Defendant argues that Plaintiff fails the first prong as Defendant never exercised any possessory right or control over Plaintiff's change nor interfered with a non-stated claim of title. The kiosk receipt gave Plaintiff the right to redeem its value or to do with it as she saw fit. Plaintiff also fails the second prong as the complaint needs to state that she was unable to redeem the receipt for its value or could not redeem it due to a lack of instructions. Therefore, no such conversion claim is viable as Plaintiff chose to disregard the instructions printed on the receipt and either to throw away the receipt or gamble with the remaining change printed on it. Since Plaintiff fails to make a showing on either element, the conversion claim should be dismissed as a matter of law. (See NYSCEF Doc No. 7, Plaintiff's mem law at 8-9.)
Finally, Defendant argues that Plaintiff's final cause of action — the unjust enrichment claim — should be dismissed. Defendant argues that they were not unjustly enriched by Plaintiff's abandonment of funds as the casino sent all abandoned funds to the 106th Police Precinct to be dealt with. Moreover, the change balance did not incentivize players to gamble more as patrons were offered the option to either donate the remaining balance or receive the kiosk receipt for the balance owed. If a customer opted for the kiosk receipt, the only instruction on the receipt itself, characterized as "prominent" by the Defendant, was to take the receipt to the cashier for redemption. (See NYSCEF Doc No. 7, Defendant's mem law at 9-10.)
Next, Defendant refutes the validity of the proposed class action itself, stating that the class action is devoid of merit. Defendant notes that while it is unorthodox to test the validity of a class allegation at the pleading stage, there is no prohibition from doing so under CPLR 3211 (a). Citing persuasive authority, Defendant asserts that such a pre-answer motion is permissible when the complaint and attached affidavits conclusively show, as a matter of law, that there would be no basis for a class action suit. (See id., citing Wojciechowski v Republic Steel Corp, 67 AD2d 830 [4th Dept 1979]). Here, it is argued that the plaintiff cannot create a coherent class as the complaint's class definition is vague: "all Genting customers who are New York citizens who played slots and electronic table games at Resorts World Casino in Jamaica, New York during the relevant statutes of limitations" (NYSCEF Doc No. 8, complaint ¶ 37, cited at NYSCEF Doc No. 7, Defendant's mem law at 4).
It is implied that the class action suit would be representative of any individual who did not receive their change balance. However, every customer could redeem the monetary value of the kiosk receipt. Only six kiosk machines were equipped to dispense under-one dollar change due to the national coin shortage. If an individual went to a kiosk that could not dispense such change, that individual received a receipt with clear instructions informing the patron to visit a cashier. The complaint does not state that Plaintiff could not understand the instructions, nor does it allege that anyone else had a misunderstanding. There is also no allegation that a cashier refused to hand over cents. Due to documentary evidence provided to the Court, Defendant asserts that denying the class allegation is warranted. (See NYSCEF Doc No. 7, Defendant's mem law at 10-12.)

Non-Movant Plaintiff's Arguments

In opposition, Plaintiff argues that none of the causes of action in the complaint warrant dismissal. Plaintiff relies on how New York courts have construed CPLR 3211 (a) (1) to support the maintenance of her claim. In the case at bar, Plaintiff, citing to Guggenheimer v Ginzburg (43 NY2d 268 [1977]), argues that the Court should only consider whether the pleading makes out a cause of action and, if so, a motion to dismiss should fail as "factual allegations are discerned" (see NYSCEF Doc No. 19, Plaintiff's mem law at 2). The documentary evidence [*4]must conclusively establish a defense to the asserted claims as a matter of law and, in order to classify evidence as documentary, it must be "unambiguous, authentic, and undeniable" argues Plaintiff (see id., citing Bianco v Law Offs of Yuri Prakhin (138 NY3d 576 [2020]; Leon v Martinez, 84 NY2d 83 [1997]). Moreover, if the plaintiff submits supporting affidavits to oppose a motion to dismiss, they may remedy any defects in the complaint (see NYSCEF Doc No. 19, Plaintiff's mem law at 2-3, citing Start Elevator LLC v Macombs Place LLC, 60 Misc 3d 1225[A], 2018 NY Slip Op 51229[U] [Civ Ct, Bronx County 2018]). 
Plaintiff argues that there is a plausible claim under GBL §§ 349 and 350 as the Court of Appeals has recognized that such statutes help foster an "honest marketplace" and trust between buyer and seller (see NYSCEF Doc No. 19, Plaintiff's mem law at 3, citing Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank NA, 85 NY2d 20 [1995]). Furthermore, these statutes have been construed broadly and apply to nearly all economic activity (see NYSCEF Doc No. 19, Plaintiff's mem law at 3, citing Karlin v IVF Am. Inc, 93 NY2d 282 [1999]). Under this claim, Plaintiff argues that the voucher redemption policies force the player to forfeit the balance or lose it in another slot machine. Plaintiff argues that while slot machine tickets could be redeemed at the cashiers' cages, there were more opportunities to redeem them at kiosks, which could only dispense whole dollar amounts. Plaintiff asserts that the impact of only receiving whole dollar amounts "lures" the customer into making additional wagers, with additional funds, until the customer eventually loses, and the funds are left with the casino. Plaintiff then points to the allegation that most kiosk receipts are never redeemed. Moreover, Plaintiff argues that there was no "meaningful instruction" for how to redeem the unused receipts, and many players believed that they were limited to throwing the receipts away or using the vouchers to gamble further. (See NYSCEF Doc No. 19, Plaintiff's mem law at 3-4.)
Plaintiff then argues that Defendant's post-filing evidentiary document does not warrant dismissal because Defendant's evidence in its Exhibit G (NYSCEF Doc No. 14) is not the same voucher presented by Plaintiff in her Exhibit A (NYSCEF Doc No. 20).[FN3]
Additionally, claims [*5]Plaintiff, Defendant has not attempted to prove whether the instructional language on Defendant's proffered receipt was present on a receipt received by Plaintiff. Moreover, Plaintiff asserts that, in opposition to Defendant's argument, the instructions were not clear as there was no signage available in the casino that would provide instructions on how to redeem the receipt. (See NYSCEF Doc No. 19, Plaintiff's mem law at 5; NYSCEF Doc No. 14, Defendant's Exhibit G kiosk receipt; NYSCEF Doc No. 20, Defendant's Exhibit F cashout ticket.)
Finally, the last point Plaintiff makes under the first cause of action is that no profit from deceptive conduct is not a defense under GBL § 349 and GBL § 350 claims. Under such claims, Plaintiff argues that the standard is the "showing that defendant is engaging in an act or practice that is deceptive or misleading in a material way" (NYSCEF Doc No. 19, Plaintiff's mem law at 5, citing Goshen v Mut. Life Ins. Co., 98 NY2d 314 [2002]). Moreover, Plaintiff argues that Defendant is not turning over the abandoned funds to the police, but rather, the actual kiosk receipts. Furthermore, Defendant does not indicate what their plans are with the proceeds from the unredeemed receipts. For these reasons, Plaintiff argues that her GBL § 349 and § 350 claims should be able to proceed as funds are either forfeited or wagered due to Defendant's reconfigured kiosk machines. (See NYSCEF Doc No. 19, Plaintiff's mem law at 5-6.)
Plaintiff's second cause of action is the breach of contract claim. Plaintiff argues that she and Defendant entered into a contract, and this contract was breached when Plaintiff was unable to redeem her credits in full at the kiosk machine. Instead, Defendant provided her with a receipt that substituted the cent value Plaintiff expected to receive. Therefore, the damage that stems from the Defendant's breach is the inability to receive the total amount of her slot credits in cash. Plaintiff also argues that she did not need to enumerate the exact amount of damages because allegations, tested under a CPLR 3211 (a) (7) motion, only require sufficient notice of the "transactions or occurrences intended to be proved and whether the requisite elements of any cause of action" can be discerned (see NYSCEF Doc No. 19, Plaintiff's mem law at 7, quoting JP Morgan Chase v JH Elec. of New York Inc., 69 AD3d 802 [2d Dept 2010]). Also, a failure to receive "adequate services" is an acceptable allegation to allege damages, which Plaintiff asserts [*6]occurred in this scenario due to a lack of signage or instructions (see NYSCEF Doc No. 19, Plaintiff's mem law at 7, quoting Remis v Fried, 31 Misc 3d 1203[A], 2011 NY Slip Op 50479[U]). Defendant should have informed patrons of the no-coin kiosks due to the national coin shortage, printed instructions on the kiosk receipt, erected signage, or rounded up the change to the nearest dollar, rather than rounding down. As a final point regarding breach of contract, Plaintiff notes that Defendant's offer to donate excess funds is not a defense to her allegation. (See NYSCEF Doc No. 19, Plaintiff's mem law at 7-8.)
Plaintiff claims that its conversion claim was appropriate because Defendant exercised dominion over Plaintiff's personal property. (See id. at 8.)
In the complaint, Plaintiff's final cause of action is her unjust enrichment claim. Plaintiff states that she conferred a benefit upon Defendant by depositing money into the slot machines. However, the defendant failed to return all the money owed to her, which led to Defendant's unjust gain. (See id. at 9.)
Plaintiff argues further that any determination on the class allegation would be premature at this stage of the proceedings. Plaintiff argues that CPLR 901 (a) affords a liberal interpretation for the maintenance of class action suits, and the Court should employ this standard in a CPLR 3211 motion to dismiss. Additionally, Plaintiff asserts that if there is any doubt as to whether to certify a class, courts should err in favor of allowing the class action. (See id. at 9-10, citing Brandon v Chefetz, 102 AD2d 162 [1st Dept 1985].) Plaintiff asserts that the class will be more determined after meaningful discovery through kiosk logs, casino records, and communications with the State Gaming Board (see NYSCEF Doc No. 19, Plaintiff's mem law at 10).

Conclusion

While there is a general trend in the state of New York to construe complaints in the light most favorable to the plaintiff, the complaint still "must contain allegations concerning each of the material elements necessary to sustain recovery under a viable legal theory" (MatlinPatterson ATA Holdings LCC v Federal Express Corp., 87 AD3d 836, 839 [1st Dept 2011], quoting Huntington Dental & Med. Co., Inc. v Minnesota Min. & Mfg. Co., 1998 WL 60954, *3, 1998 Dist LEXIS 1526, *9 [SD NY 1998]). A sufficient complaint "give[s] the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense" (CPLR 3013). "Bare legal conclusions are not entitled to any such consideration" (Velez v Captain Luna's Mar., 74 AD3d 1191, 1192 [2nd Dept 2010], quoting Garner v China Natural Gas., Inc., 71 AD3d 825, 826 [2d Dept 2010]).
On this motion to dismiss, Defendant Genting New York LLC has sufficiently established their entitlement to dismissal of the complaint as a matter of law against Plaintiff Teretta Wallis on the General Business Law § 349 and §350, breach of contract, conversion, and unjust enrichment claims, and on the maintenance of a class action lawsuit.
Defendant has established no viable claim under GBL §349 or §350 as she cannot prove that Defendant's conduct was "misleading" according to the statute. Plaintiff's cited case, Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank NA (85 NY2d 20) ("Oswego"), holds with respect to a viable claim under these statutes: "A prima facie case requires a showing as well that a defendant is engaging in an act or practice that is deceptive or misleading in a material way and that plaintiff has been injured by reason thereof" (Oswego, 85 NY2d at 25). Plaintiff has failed to establish prima facie entitlement as a matter of law as she [*7]failed to prove any material, misleading act on the part of the Defendant. The situation complained of was a consequence of the coin shortage in this country which developed during the recent pandemic. It was explained by Defendant that Plaintiff could redeem under-one dollar amounts she was entitled to at one of the six coin dispensing kiosks or at a cashier. Defendant abundantly has established that there were two types of vouchers issued at its casino. The first was a cashout ticket dispensed by slot machines. This could be taken to a kiosk if a patron elected to do so. If a kiosk lacked coins, a kiosk receipt was generated and it could be redeemed at a cashier cage if the patron so chose. This was all explained in the two affidavits of Jennifer Addonisio, the cage manager. (See NYSCEF Doc No. 10, Addonisio aff; NYSCEF Doc No. 26, Addonisio supp aff.)
Ms. Addonisio swore that each and every kiosk receipt had printed on it a statement, "Please take receipt to cashier" (NYSCEF Doc No. 26, Addonisio supp aff ¶ 5). Plaintiff, through her attorney, claims that she was handed two tickets from a kiosk worth less than a dollar which lacked this language (see NYSCEF Doc No. 19, Plaintiff's mem law at 5). First, Ms. Addonisio explained that these two tickets were not kiosk receipts but rather were cashout tickets from slot machines. Second, while Ms. Addonisio's explanation is made under oath, the claims of Plaintiff were not. The complaint is not sworn to by Plaintiff, and she has not submitted an affidavit in opposition to Defendant's motion. The vouchers submitted by Plaintiff as NYSCEF Doc No. 20 were attested to by Plaintiff's counsel in his memorandum of law at page 5. This is insufficient to establish what these tickets represented.
Where a defendant has submitted evidentiary material in support of a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), 'the criterion is whether the [plaintiff] has a cause of action, not whether he [or she] has stated one, and, unless it has been shown that a material fact as claimed by the [plaintiff] to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it . . . dismissal should not eventuate' (Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]). Here, the documentary evidence submitted by the defendant conclusively established that he was not the operator of Ladson's vehicle when the accident occurred.
(Greenstein v Danzy, 210 AD3d 745, 746 [2d Dept 2022].) Similarly in this case, Defendant clearly has established that its kiosk vouchers provided instructions how to redeem the under-one dollar amounts and this has not been refuted by Plaintiff.
In assessing a motion under CPLR 3211 (a) (7), a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint and the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one (see Carlson v American Intern. Group, Inc., 30 NY3d 288, 298 [2017]. Plaintiff did not avail herself of this opportunity to refute Ms. Addonisio's averments.
While "[a]ffidavits submitted by a defendant will almost never warrant dismissal under CPLR 3211 (a) (7) unless they 'establish conclusively that plaintiff has no cause of action' (Rovello v Orofino Realty Co., 40 NY2d 633, 636 [1976]; see Lawrence v Graubard Miller, 11 NY3d 588, 595 [2008]; Rozell v Milby, 98 AD3d 960, 961 [2012])" (Xia-Ping Wang v Diamond Hill Realty, LLC, 116 AD3d 767, 768-769 [2d Dept 2014]), the case at bar presents one of those rare instances.
Thus, as the record stands on this motion, the authenticated evidence clearly proved that the kiosk receipts were not misleading (see Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v Matthew Bender & Co., Inc., 37 NY3d 169 [2021] [documentary evidence in [*8]action alleging GBL § 349 violation left no possibility that that a reasonable consumer would have been misled]; Fontanetta v Jane Doe 1, 73 AD3d 78, 84 [2d Dept 2010] ["To some extent, 'documentary evidence' is a 'fuzzy' term, and what is documentary evidence for one purpose might not be documentary evidence for another."]
As for the general practice of providing kiosk receipts, which could be redeemed at a cashier cage, this was not materially misleading because "In the case of omissions in particular—the subject of the present case—the statute surely does not require businesses to ascertain consumers' individual needs and guarantee that each consumer has all relevant information specific to its situation. The scenario is quite different, however, where the business alone possesses material information that is relevant to the consumer and fails to provide this information" (Oswego, 85 NY2d at 26.) Therefore, it was not the burden of Defendant to ensure that each patron understood the situation vis-à-vis under-one dollar payouts. As long as Defendant provided the public generally with information concerning how to redeem small change amounts, that sufficed. As sworn to by Ms. Addonisio, each kiosk receipt provided the necessary information and there were various cashier cages on the floors of the casino. Signs posted throughout the casino directed patrons to the locations of the cashier cages. No information was withheld by Defendant (see id.).
With regard to the allegation that Defendant violated General Business Law § 350's prohibition against false advertising, Plaintiff's complaint fails to point to any advertising on Defendant's part. In any event, the same analysis regarding § 349 applies (see Denenberg v Rosen, 71 AD3d 187, 194 [1st Dept 2010]).
As to the breach of contract claim, Plaintiff fails to show harm due to the supposed breach. The requirements to recover damages for a breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of his or her contractual obligations, and damages resulting from the breach" (Dee v Rakower, 112 AD3d 204, 208-209 [2d Dept 2013]). Here, Plaintiff failed to show any measurable harm due to an inability or failure to redeem the kiosk vouchers for the change total. She elected as a matter of personal choice either to insert the kiosk receipts into slot machines or discard them (see NYSCEF Doc No. 8, complaint ¶ 29). While a plaintiff need not calculate a specific number of damages, a plaintiff should be able to articulate to the court "a measure of loss that has or will result from the defendant's breach." (Robert L. Haig, 4A NY Prac, Com. Litigation in New York State Courts § 54:5). Plaintiff failed to meet this standard in her complaint.
The conversion claim is not viable as the plaintiff failed to show prima facie entitlement to relief. There are two requirements for a conversion claim: "(1) legal ownership or an immediate right of possession to a specific identifiable thing and (2) that the defendant exercised an unauthorized dominion over the thing in question to the exclusion of the plaintiff's right" (Giardini v Settanni, 159 AD3d 874, 875 [2d Dept 2018]). Plaintiff failed to establish that Defendant exercised an unauthorized dominion over Plaintiff's kiosk receipts or cash to the exclusion of Plaintiff's right. A casino patron never yielded control over the receipt or cash to the casino. It was at the option of the patron to do as they pleased, whether it was to throw receipt away, donate the funds, gamble the funds, or redeem it for change.
Likewise, the unjust enrichment claim fails because it merely duplicates the other claims the plaintiff proffered. "[U]njust enrichment is not a catchall cause of action to be used when others fail. It is available only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running [*9]from the defendant to the plaintiff. Typical cases are those in which the defendant, though guilty of no wrongdoing, has received money to which he or she is not entitled (see Markwica v Davis, 64 NY2d 38 [1984]; Kirby McInerney & Squire, LLP v Hall Charne Burce & Olson, S.C., 15 AD3d 233 [2005]). An unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim (Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388-389 [1987]; Samiento v World Yacht Inc., 10 NY3d 70, 81 [2008]; Town of Wallkill v Rosenstein, 40 AD3d 972, 974 [2d Dept 2007])." Corsello v Verizon New York Inc., 18 NY3d 777, 790-791 [2012].) Even if the other claims do not survive that does not mean that an unjust enrichment does (see id.).
Finally, there is the issue if the complaint should even be maintained as a class action. The proposed class is described as "all Genting customers who are New York citizens who played slots and electronic table games at Resorts World Casino in Jamaica, New York during the relevant statutes of limitations" (NYSCEF Doc No. 8, complaint ¶ 37). This is way too broad a class, even for the allegations made herein. This would encompass persons who had absolutely no difficulty in obtaining under-one dollar change from cashier cages. This purported class includes not only those who walk out without their change but also those who did. In such an instance, class certification would be inappropriate (see Matter of Long Is. Power Auth. Hurricane Sandy Litig., 200 AD3d 1040 [2d Dept 2021]).
"The applicable statute (CPLR 902) states 'the matters which the court shall consider in determining whether the action may proceed as a class action'. However, '[in] recommending the class action legislation, the Judicial Conference made it clear that the considerations listed in CPLR 902 were intended to be non-exhaustive. The court may consider the merits of the action ... The Court should eliminate spurious and sham suits as early as possible to avoid the expenditure of both time and money by both the courts and the opponents of the class.' (2 Weinstein-Korn-Miller, NY Civ Prac, par 902.10.)" (Seligman v Guardian Life Ins. Co. of America, 59 AD2d 859, 859 [1st Dept 1977].)
Considering that patrons were instructed, "Please take receipt to cashier" (NYSCEF Doc No. 14, Defendant's Exhibit G kiosk receipt; NYSCEF Doc No. 10, Addonisio aff ¶ 9), this putative class action borders on the sham if not being one. The adage that "the law does not concern itself with trifles" (Matter of Staber v Fidler, 110 AD2d 38, 39 [2d Dept, affd 65 NY2d 529 [1985], citing 1 Am Jur 2d Actions § 67; Black's Law Dict 5th ed at 388) has particular applicability here (see Duchimazza v Niagara Bottling, LLC, 619 F Supp 3d 395 [SD NY 2022] [label on bottle is minor, incidental component such that nonrecyclability claim dismissed]. Class action lawsuits are not intended to be vehicles for pursuing trivial claims (see Yollin v Holland Am. Cruises, Inc., 97 AD2d 720 [1st Dept 1983). Were this action to be permitted to continue, it would encompass individuals who took different actions with respect to not receiving coins in under-one dollar amounts from the kiosks. Reactions would vary, such as donating the money, discarding the kiosk receipt, taking home an unredeemed receipt, gambling it in another slot machine, or taking the time to redeem it for coinage at a cashier cage. The proposed class ("all Genting customers who are New York citizens who played slots and electronic table games at Resorts World Casino in Jamaica, New York during the relevant statutes of limitations") is not comprised of persons with identical interests (see CPLR 902).
Accordingly, it is hereby ORDERED that Defendant Genting New York's motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) is GRANTED, and the claims of Plaintiff Teretta Willis, on behalf of herself and all others similarly situated, are DISMISSED [*10]WITH PREJUDICE.
E N T E R
HON. AARON D. MASLOW
Justice of the Supreme Court

Footnotes

Footnote 1:. "Plaintiff seeks to represent a class of all Genting customers who are New York citizens who played slots and electronic table games at Resorts World Casino in Jamaica, New York during the relevant statutes of limitations" (NYSCEF Doc No. 8, complaint ¶ 37).
Footnote 2:. To avoid confusion, this decision refers also to the voucher generated by a slot machine as a "cashout ticket" and the voucher generated by a kiosk as a "kiosk receipt."

Footnote 3:. In her supplemental affidavit, Ms. Addonisio, Defendant's cage manager, swore that what Plaintiff represented to be "kiosk vouchers" were in fact cashout tickets generated by slot machines:
 2. I have reviewed the images of the "Cash-out Ticket" and the two supposed "Kiosk Receipts" from November 2021 annexed to plaintiff's opposition papers as Exhibit "A" (also annexed hereto as Exhibit "1" for ease of reference) that plaintiff claims were presented to her.

3. The single photograph of a Cash-out Ticket accurately depicts a Cashout ticket generated from a slot machine at the casino.

4. However, the two photographs that plaintiff represents to be images of "Kiosk Vouchers" are not, in fact, Kiosk Vouchers, but instead are both also Cashout Tickets generated by slot machines at the casino. The only difference between the two photographs plaintiff represents as "Kiosk Vouchers" and the first photograph depicting the "Cash-out Ticket" is that the font is slightly different and the amounts are less than $1. That said, I can state with 100% certainly that all 3 of the photographs in this exhibit submitted by the plaintiff are Cashout tickets printed from the casino's slot machines. None depict a voucher that was actually printed at one of the casino's kiosks.

5. Beginning in September 2020, when 51 out of the 57 kiosks at the casino went coinless, each and every "Kiosk Receipt" that was generated and printed at the casino's coinless kiosks for the change balance owed was labeled conspicuously as a "KIOSK RECEIPT" indicating numerically the location of the kiosk and prominent displaying instructions on the front of the voucher in large bold font to "Please take receipt to cashier."

6. Furthermore, even prior to the casino going coinless in September 2020, there were instances when kiosks had to print receipts for funds that were in dispute, which also were also labeled conspicuously as a "KIOSK RECEIPT" indicating numerically the location of the kiosk and prominent displaying instructions on the front of the voucher in large bold font to "Please take receipt to cashier."

7. At no point, since the casino's opening in 2011, has any ticket or receipt generated by a kiosk at the casino for any reason been labeled as a "CASH VOUCHER" as depicted in plaintiff's Exhibit "A." That designation is solely printed on Cashout Tickets generated by the casino's slot machines.
(NYSCEF Doc No. 26, Addonisio supp aff ¶¶ 2-7.)